**TEXAS EMPLOYERS' INS. ASS'N v. FRICKER et al. (No. 3202.)**

Court of Civil Appeals of Texas. Amarillo. March 20, 1929.

Rehearing Denied April 17, 1929.

Bullington, Boone, Humphrey & King, of Wichita Falls, for appellant.

Heyser & Hicks, of Wichita Falls, and H. O. Williams, of San Angelo, for appellees.

RANDOLPH, J. The defendant Fricker filed his claim with the Industrial Accident Board of Texas, seeking compensation for incapacity to labor, caused by injuries which will be discussed later in detail, against the Associated Indemnity Corporation. The Associated Indemnity Corporation brought the Texas Employers' Insurance Association, before the Industrial Accident Board as the party primarily liable for the compensation due the defendant Fricker. The Industrial Accident Board made an award in favor of the defendant Fricker, and both Fricker and the Texas Employers' Insurance Association gave notice that they would not abide the decision of the board, and in due time filed suit in the district court of Wichita county to set aside the award made by the board. On trial, the two cases were consolidated and tried de novo, and judgment was rendered in favor of the defendant Fricker against the Texas Employers' Insurance Association and the Associated Indemnity Corporation. From such judgment the Texas Employers' Insurance Association only has appealed.

The defendant Fricker was working for the American Refining Company on May 28, 1924, and had been working for it for a number of years prior thereto, and on this date he received an injury to his knee, was taken by his employer to the Wichita Falls Clinic for treatment, received two or three treatments, and then did not return to the clinic. He was away from work for a period of seven days only, and made no claim for compensation by reason of that accident at that time. He continued working for the American Refining Company from that time until May 20, 1927. In the meantime, the American Refining Company had changed insurers, and the Associated Indemnity Corporation became the insurer of said company in place of the Texas Employers' Insurance Association, which was the insurer on the first-named date. On May 20, 1927, the defendant was injured in another accident, and, after receiving this injury, he was unable to work any longer, and his then condition resulted in it becoming necessary to amputate his leg at the hip, thereby totally destroying his capacity to do the labor and render the services that he was capacitated to perform. Within six months after May 20, 1927, the defendant filed a claim for compensation for the injury occurring on May 20, 1927, with the Industrial Accident Board against the American Refining Company and the Associated Indemnity

Corporation; thereafter the Associated Indemnity Corporation, as stated, brought before the Industrial Accident Board the Texas Employers' Insurance Association, and the board made an award which was within the jurisdiction of the district court of Wichita county, and, within twenty days thereafter, both Fricker and the Texas Employers' Insurance Association, as stated, gave notice that they would not abide the decision of the board, and, within twenty days after the giving of such notice, filed suit in the district court of Wichita county, Tex., the county in which both of such accidents occurred.

The defendant Fricker, in his answer and cross-action in the suit of the Texas Employers' Insurance Association, alleged that he received both of said injuries; the first injury occurring as aforesaid on May 28, 1924, in which the Texas Employers' Insurance Association was insurer, and the second injury on May 20, 1927, in which the Associated Indemnity Corporation is insurer, alleging that each of said companies had notice of the injury within thirty days after the occurrence of same, that he filed a claim for compensation before the Industrial Accident Board against the Associated Indemnity Corporation within six months after the occurrence of the second injury and that the injury which he received on May 20, 1927, produced his total incapacity.

Fricker further alleges as his reason why he did not file his claim with the Industrial Accident Board: "Defendant further shows to the Court that at the time his knee was injured May 28, 1924, the employer, American Refining Company, and the Insurer, Texas Employers' Insurance Association, had actual notice of the injury, but neither the defendant nor the said employer, nor the said insurer, realized or contemplated that said injury was of either a serious or a permanent nature, but all considered same as slight and trivial and as this defendant was able to return to his work within eight days from said date no compensation was sought or contemplated, and between the time during said date and the time when he became confined to his bed in 1927, the defendant did not contemplate or realize, or have reason to contemplate or realize, that he had suffered at the time of the first accident any compensable injury, and even after he had become confined to his bed in 1927, and after he had become in the condition aforesaid, necessitating the amputation of his leg, he considered his condition due solely to the injury on May 20, 1927, and, accordingly defendant gave the statutory notice only to the Associated Indemnity Corporation within thirty days from the date of the last accident and made claim for compensation and filed proper application therefor within six months from date of said injury; said claim for compensation being made before the Industrial Accident Board

only as against the Associated Indemnity Corporation, but both of said insurers were thus before the said Industrial Accident Board, defendant, in view of all the circumstances aforesaid, having legal excuse for failing to himself join the said Texas Employers' Insurance Association in the application made by him to Industrial Accident Board, and both of said insurers are thus properly before this court."

Defendant also alleged that his present physical condition was directly and proximately caused by the injuries complained of; the first occurring May 28, 1924, and the second May 20, 1927.

The Associated Indemnity Corporation denied that it was the insurer at the time that said Fricker received his injuries which caused his total incapacity, and alleged also that such incapacity was occasioned by the injury which he received May 28, 1924.

The Texas Employers' Insurance Association filed its denial to all of the allegations by these respective parties, and further alleged: "And for further answer herein, if same be necessary, this plaintiff in reply to defendant Chas. Fricker's answer without waiving its pleas in abatement and its exceptions, says that it denies that the defendant Charles Fricker ever received any injuries, but that if he did, he received same on or about the 28th day of May, 1924, and that he failed to give any notice of his injury to his insurer within thirty days as prescribed by the laws pertaining to such transactions, and failed to file any claim for any damages with the Texas Industrial Accident Board, or the insurer, by reason of his injuries within six months after the occurrence of same, and fails to show any good cause or plead any good cause authorizing a waiver of the provisions of the statute of the State of Texas, but on the contrary, never at any time sought to hold this plaintiff liable in any proceedings for more than two years after the alleged happening of this event, and which plea of limitation the plaintiff here pleads and further says that the defendant, Charles Fricker, never at any time attempted to set up or claim any character of damage for any injuries which he received for a period of more than two years, and if this defendant had complied with the statute pertaining to such transactions by giving to the insurer notice of his injury within thirty days, and filing with the insurer and the Texas Industrial Accident Board a claim for damages within six months after the alleged occurrence, this plaintiff, as insurer, could and would have had the opportunity of having a physical examination made of this defendant, and could and would have had an opportunity to have had an operation performed upon this defendant, and could and would have had the opportunity to have required this defendant to take treatment for his alleged injuries,

which would have prevented the so-called or so-alleged injuries, if any, this defendant received, and by depriving this plaintiff of that opportunity as heretofore set out, this defendant should now be estopped to set up any claim against this plaintiff by reason of any action which he has growing out of this transaction."

The case was tried before a jury, and the jury answered special issues submitted to them, and found, among other findings, that the defendant Fricker received an injury to the physical structure of his body on or about May 20, 1927; that such injury was received while he was in the course of his employment for the American Refining Company; that the defendant Fricker received an injury to the physical structure of his body on or about May 28, 1924; that such injury was received by the defendant while in the course of his employment for the American Refining Company; that the defendant Fricker suffered incapacity to perform labor by reason of the injury received on May 28, 1924; that he suffered an incapacity to perform labor as a result of the injury he received on May 20, 1927; that, as a result of either or both of such injuries, the defendant suffered total incapacity to perform work; that such total incapacity is permanent; that each of the above injuries was equally responsible for the defendant's total incapacity to perform labor; and they further found, expressly that the percentage chargeable to the first injury was 50 per cent. and to the second injury 50 per cent.

The trial court rendered judgment in favor of the defendant Fricker for a lump sum against the Texas Employers' Insurance Association in the sum of $2,299.17, and in favor of his attorneys Heyser & Hicks for $1,149.58, and that defendant Fricker recover a lump sum judgment against the Associated Indemnity Corporation for $2,299.17, and in favor of his attorneys Heyser & Hicks against said corporation in the sum of $1,149.59. The defendant Fricker also was given judgment against each of the companies for certain doctors' bills, etc.

The appellant assigns error under its propositions Nos. 1 and 2, the discussion of which practically settles the errors assigned in propositions 3, 4, 5, and 7. The appellant's propositions Nos. 1 and 2 are as follows:

"Proposition No. 1: Where an employee receives an injury which is not serious enough to make claim for damages and continues to work for a period of three years and then receives another injury which prevents him from further continuing his work, and renders him incapacitated to perform labors and he then files his claim for damages something over three years and five months after his injury, and where there is no fraud alleged or shown, preventing him from making claim for damages by insurer of first injury, and no mental incapacity alleged or shown by the employee during his three years and five months, it is an unreasonable length of time, and the court abused its discretion and erred in failing to give a peremptory instruction to the jury in favor of the first insurer."

"Proposition No. 2: Where an employee receives an injury to his person and fails to file claim for damages therefor with the Industrial Accident Board of the State of Texas within a period of two years, and on suit being filed thereon and the insurer of the employee pleads the two year statute of limitation and there is no mental incapacity or absence from the state or fraud alleged and proved abrogating the statute of limitation, the Trial Court erred in failing to grant to the insurer a peremptory instruction against the employee's course of action."

The evidence discloses that the defendant Fricker had worked for the American Refining Company continuously for a number of years; that on May 28, 1924, he received an injury to his knee; that such injury caused him to be sent to a clinic for examination and treatment; that he was away from his work only seven days, having been treated for that time, and he then left the clinic and did not return to it, but thereafter continued at his work with the refining company for nearly three years, up to the date of the second accident on May 20, 1927. During the time between the first and second accidents, the defendant's testimony discloses that when he left the clinic his leg seemed all right and that he went back to work; that the injury left a black spot on his knee, and that it continued in that condition about three weeks and then cleared up; that the lump on his knee gave him trouble once in a while; that he continued in his work until the time of his second injury; that he made no claim for compensation at the time of the first accident, nor within six months thereafter. He was injured the second time on May 20, 1927, and then made claim for compensation for both injuries, which claim was filed with the Industrial Accident Board within six months from the date of the last injury.

It will be seen from the excerpt above quoted from the defendant's answer that as he was able after eight days to continue in the performance of his work, neither he nor his employer realized or contemplated that said injury was of a serious or permanent nature or of a compensatable nature, as the cause or excuse why he did not make claim to the board for compensation for the injuries which he had suffered in the accident in 1924.

Article 8307, § 4a, of the Workmen's Compensation Law, Vernon's Texas Civil Statutes, provides: "Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the in-

jury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the Board."

Article 8306, § 6, of the same statute, provides in part: "If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date the incapacity commenced."

■ Plaintiff cites Texas Indemnity Ins. Co. v. Bailey (Tex. Civ. App.) 297 S. W. 1042, to sustain its contention that "good cause" was not shown for defendant's failure to file his claim for compensation within six months of the accident, which occurred on May 28, 1924. We do not think that the holding in that case is conclusive of the question at issue in this case. In the Bailey Case there was no question but what the complainant Bailey knew that he was injured, and he apparently knew the extent of his injuries, but did not know that he had any right to compensation. This presents purely a question of ignorance of law. In the case at bar, not only was the defendant ignorant of the fact of his compensatable injury, but such injury did not follow the accident and did not develop until nearly three years thereafter. Therefore the case at bar presents a question of ignorance of fact which properly brought the question of "good cause" before the jury for its finding. However, a writ of error has been granted by the Supreme Court in the last-named case, and, from the telegraphic reports of the proceedings in the Supreme Court on last Wednesday [14 S.W.(2d) 798], it appears that the decision of the Court of Civil Appeals in the Bailey Case has been reversed and the judgment of the district court in said case affirmed.

In this connection, that part of section 6 above quoted clearly indicates that the Legislature intended to provide that compensation should be allowed for incapacity which was the result of injury, even though such injury did not at the time of the accident manifest itself in incapacitating the defendant from labor.

It is held by this court in the case of Texas Employers' Ins. Co. v. Wonderley, 16 S.W.(2d) 386, which will be handed down to-day, that "by injury is meant the state of facts and the condition which first entitles the claimant to compensation," and that, where the incapacity did not occur until a time subsequent to the accident, the claimant suffered no loss until such time as his earning capacity had diminished, or, as in this case, until his earning capacity had ceased. We refer to that decision and to the authorities cited therein without repeating them.

■ "Where the original wrong is not of itself actionable without special damage an action therefor is not for the wrongful act but solely for the consequences, and it has been held that the statute does not attach until the injury ensues." 17 R. C. L. 764–765.

■ In the case of Johansen v. Union Stockyards Co. of Omaha, 99 Neb. 328, 156 N. W. 511, where a claimant had an accident whereby his eye was injured, but which injury did not fully develop for some time, the Supreme Court of Nebraska held that the injury occurred within the meaning of the statute when the diseased condition culminated.

We conclude that, notwithstanding the accident occurred to the defendant on May 28, 1924, the incapacity resulting from the injuries received did not incapacitate the defendant until May 20, 1927, and that, the claim for such incapacity having been filed within six months from said last-named date, was filed in due time and in compliance with the statute.

It appears from the evidence that the marrow in the knee bone of the defendant had become diseased, and that the bruise to the bone had produced ostomyelitis, and that, as this disease had progressed, it became necessary to amputate the defendant Fricker's leg as stated.

The trial court submitted to the jury the following special issue No. 14: "Find whether under all the facts and circumstances before you a reasonably prudent person, situated as the defendant Fricker was situated, would have filed a claim for compensation for the injury that he received on May 28, 1924, within a period of three years after such date?" which special issue the appellant objected to for the reason that the trial court failed to tell the jury that it was the duty of the employee to so file his claim for damages within six months unless "good cause" was shown therefor."

The appellant tendered to the court the following special issue: "You are instructed that it was the duty of the defendant, Chas. Fricker, to file a claim for compensation with respect to any injury which he received on May 28, 1924, within six months thereafter. Now, bearing in mind the foregoing instruction, find whether or not a reasonably prudent person, situated as Chas. Fricker was situated, would have filed his claim for compensation with respect to his injury that he received on May 28, 1924, within a period of three years after said date? Answer yes or no. Answer: ———."

■■ It will be observed that the last para-

graph of the special issue tendered was adopted by the trial court and given to the jury in the language of such paragraph. Hence, the issue submitted to the jury as to what a prudent man would have done, was invited error, and cannot be taken advantage of here. But the special issue as a whole, as requested by the appellant, is, in fact, a peremptory charge, and, in view of our holding herein, should not have been given to the jury. The incapacity of the defendant, not having developed until May 20, 1927, and the claim having been filed with the Industrial Accident Board within six months from that date, there was no reason to require a showing of "good cause." In law there had been no delay, for the defendant could not have filed a claim for compensation until his incapacity warranted such compensation. In other words, the law would not require the claimant to file a claim at a time when he was not entitled to compensation.

The evidence clearly shows that the first accident, combined with the second, caused the total incapacity of the defendant Fricker. He has lost his limb at the hip, and has no capacity by training or education to do other than manual labor; hence the judgment in his favor is warranted.

It appears clearly from the evidence that the notices required to the employer or to the insurer, the Texas Employers' Insurance Association, were not required because the employer knew of the accident and was the cause of Fricker being treated by the physician of the Texas Employers' Insurance Association. Hence, in respect to the question of notice, the law has been complied with.

We therefore affirm the judgment of the trial court.