TEXAS EMPLOYERS INSURANCE ASSOCIATION V. O. GUIDRY.

No. 7125.   Decided January 6, 1937.
(99 S. W., 2d Series, 900.)

*Calhoun & Marcus,* of Beaumont, and *Black & Graves,* of Austin, for plaintiff in error.

The period of 401 weeks allowed by statute for the recovery

of compensation under the Workmen's Compensation Law begins at the time the accident happens and once beginning the period continues to run. Texas Emp. Ins. Co. v. Jones, 70 S. W. (2d) 791; Texas Emp. Ins. Assn. v. White, 79 S. W. (2d) 911; Traders & Gen. Ins. Co. v. Baldwin, 50 S. W. (2d) 863.

*Howth, Adams & Hart,* of Beaumont, for defendant in error.

Compensation for injuries shall begin to accrue on the eighth day after the date of total and permanent incapacity commences. Texas Emp. Ins. Assn. v. Fricker, 16 S. W. (2d) 390; Texas Emp. Ins. Assn. v. Wonderley, 16 S. W. (2d) 386.

MR. PRESIDING JUDGE HARVEY delivered the opinion of Commission of Appeals, Section A.

This is a suit under the Workmen's Compensation Law. The Texas Company is the employer; the defendant in error, O. Guidry, is the injured employee, and the plaintiff in error, the Texas Employers Insurance Association, is the insurer. The facts are undisputed. No controversy arises except in respect to the questions of law discussed. The facts, so far as need be, stated, are as follows:

On February 8, 1926, the Texas Company was a subscriber to said association. On that day, Guidry, its employee, sustained an injury in the course of his employment. As a result of the injury he became at once totally incapacitated for work, and this condition continued for about thirty days. He gave timely notice of the injury and on February 27, 1926, filed claim for compensation with the Industrial Accident Board. No action appears to have been taken by the Board on this claim, due, no doubt, to the fact that the Insurance Company voluntarily paid the compensation allowable under the law. Guidry went back to work immediately after this period of incapacity and continued to work until October 10, 1933. On that date, according to the findings of the jury, he became totally incapacitated for work as the result of said injury and this incapacity is permanent. The matter appears to have been again brought to the attention of the Industrial Accident Board and on February 26, 1934, it entered what appears to be its first order. Such order recites that Guidry was injured on February 8, 1926; that he suffered total incapacity from February 8, 1926, to March 10, 1926, which had matured in the sum of $65.27; that afterwards he suffered no disability until September 1, 1933, when he again became totally disabled and continued to suffer total incapacity for the balance of the com-

pensation period of 6 3/7 weeks, which had matured in the sum of $97.91.

From this order defendant in error prosecuted his appeal to the district court and sought to recover compensation for the last mentioned incapacity for a period of 401 weeks from October 10, 1933, less the previous period of temporary incapacity, for which he had received compensation. In the trial court judgment resulted in his favor for the amount claimed in a lump sum. That judgment was affirmed by the Court of Civil Appeals. 93 S. W. (2d) 508.

In this case there is no question presented as to the right to review or modify an order, because of changed conditions, as provided in Section 12d of Article 8306, and no question of setting aside a settlement made with approval of the Board, because it appears that no order whatever was entered on the claim prior to February 26, 1934. Nor is there any question raised because of the fact that the claim for compensation with respect to such injury apparently lay dormant with the Board until permanent total disability developed. The sole question of importance is that urged by plaintiff in error to the effect that in case of injury to an employee which results in total incapacity for work, the employee, in no event, is entitled to compensation for said incapacity beyond the period of 401 weeks from the date the injury occurred. In other words, it contends that the compensation of 401 weeks should be calculated from the date of the physical injury and be continuous, and is not to be calculated from the date permanent total incapacity developed, less the period of the prior incapacity. Relevant provisions of the Workmen's Compensation Law are as follows:

Section 1, sub-division 5, of Article 8309 provides that:

"The terms 'injury' and 'personal injury' shall be construed to mean damage or harm to the physical structure of the body, and such diseases or infection as naturally result therefrom."

Section 3b of Article 8306 provides:

"If an employee who has not given notice of his claim of common law or statutory rights of action, or who has given such notice and waived the same, sustains an injury in the course of his employment, he shall be paid compensation by the association as hereinafter provided, if his employer is a subscriber at the time of the injury."

Section 4 of the same article provides in part as follows:

"Employees whose employers are not, at the time of the injury, subscribers to said association * * * cannot participate in the benefits of said insurance association * * *."

Section 10 of the same article provides:

"While the *incapacity* for work resulting from the *injury* is total, the association shall pay the injured employee a weekly compensation equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00, and in no case shall the period covered by such compensation be greater than four hundred and one (401) weeks from the date of the injury."

Section 11 of Article 8306 provides:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, but in no case more than $20.00 per week. The period covered by such compensation shall be in no case greater than three hundred weeks; provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of injury."

It is observed that the compensation provided in Section 10 is not for an injury, as such, but is for incapacity for work resulting from the injury. It is also to be observed that it is there provided that in no case shall the period of such compensation be greater than four hundred and one weeks from the date of the injury. It is seen at once that the contention under consideration depends on the meaning of the term "from the date of the injury," as used in said section of the statute. With the statutory definition of "injury" before us, there is nothing left to construe but the term "date" of the injury. The only reasonable conclusion in this respect is that the "date" of the injury is contemplated as being coincident with the occurrence, or the happening of the accident, which caused the injury. In other words, it is the inception of the injury that is contemplated, and not the beginning of the incapacity for work which results from the injury. If anything more than the language used in Section 10 be needed to make clearer its meaning in this respect, it will be supplied by the provisions of Sections 3b and 4, quoted above. For by those provisions, the possibility of compensation accruing for incapacity which results from an injury originating in an accident which happens while the employer is not a subscriber, is definitely excluded.

The contention of the plaintiff in error, stated above, is sustained.

■ As has been seen, the injury in question was sustained by the defendant in error on February 8, 1926, and that the permanent total incapacity for work, for which compensation is herein sought, did not begin until more than seven years after the date of the injury. The plaintiff in error contends that said claim in its entirety was barred by the statute of four years limitation. The proposition urged in support of this contention is thus stated in the brief of the plaintiff in error: "Since a suit under the Workmen's Compensation Law is essentially a suit upon a contract, the four years statute of limitations applies thereto, and since the defendant in error's cause of action accrued upon the occurrence of his injury, it becomes barred after four years from date thereof, and the court should have instructed a verdict in favor of this plaintiff in error." In the case of Holloway v. Texas Indemnity Insurance Company, (Com. App.), 40 S. W. (2d) 75, it was held that the provision of Section 4a of Article 8307 "operates to remove all cases arising under the Workmen's Compensation Law from the statute of limitation applicable in ordinary personal injury cases." That case is decisive of plaintiff in error's contention.

It follows from what has been said that the defendant in error is entitled to judgment for compensation for the period which began October 10, 1933, and terminated at the end of the period of four hundred and one weeks from February 8, 1926, the date of the injury, including interest.

The judgment of the trial court and that of the Court of Civil Appeals are reversed, and the cause is remanded with instructions to the trial court to enter judgment for the defendant in error in accordance with this opinion.

Opinion adopted by the Supreme Court January 6, 1937.