DAVE JONES V. TEXAS EMPLOYERS INSURANCE ASSOCIATION.

No. 6780.   Decided January 6, 1937.
(99 S. W., 2d Series, 903.)

438

*White & Yarbrough,* of Dallas, and *Hart Johnson,* of Fort Stockton, for plaintiff in error.

Where an employee has an accident on March 8, 1930, but continues to work at the same employment thereafter and to draw his regular wages therefor until May 8, 1932, at which time the effects of the accident culminated in his incapacity, it is conclusively shown that he was not incapacitated until May 8, 1932, and the jury's finding and the trial court's judgment that he was not disabled until said time is proper as a matter of law and his claim for compensation filed within less than six months thereafter was in time. Texas Emp. Ins. Assn. v. Fricker, 16 S W. (2d) 390; Texas Emp. Ins. Assn. v. Herron, 29 S. W. (2d) 524; Texas Indemnity Ins. Co. v. Holloway, 30 S. W. (2d) 921; Id., 40 S. W. (2d) 75; Heisig v. Uvalde Rock Asphalt, 48 S. W. (2d) 1109; 17 R. C. L., 764.

*Lawther, Cox & Cramer,* of Dallas, for defendant in error.

Claimant for compensation must file his claim for same within six months after the injury, or show good cause for not doing so. Art. 8307, section 4a, R. S., 1925; Security Union Ins. Co. v. Hall, 37 S. W. (2d) 811.

*A. E. Wood* and *Coleman Gay,* both of Austin, filed brief as amici curiae.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The plaintiff in error, Dave Jones, sued to set aside an adverse decision of the Industrial Accident Board and to recover of the defendant in error, The Texas Employers Insurance Company, compensation for permanent total incapacity for work, which is alleged to have resulted from an injury sustained by him in the course of his employment. The case was tried before a jury, resulting in a judgment in favor of Jones for compensation for 401 weeks after the date said incapacity began. It was decreed that such compensation should be paid in a lump sum. The Court of Civil Appeals reversed said judgment and remanded the cause. 70 S. W. (2d) 791.

The material facts, as established by the verdict of the jury, are substantially as follows:

On March 8, 1930, the Dixie Oil Company was a subscriber to the said Association. Jones was an employee of said company, and on the date named he accidentally sustained an injury in the course of his employment. Within thirty days from the date of the injury, he gave notice thereof to his employer. On May 8, 1932, as a result of said injury, he became totally incapacitated for work, and such incapacity is permanent. On July 11, 1932, he filed with the Industrial Accident Board a claim for compensation for said incapacity.

Section 6 of Article 8306 as amended in the year 1927, provides partly as follows:

"If incapacity does not follow at once after the infliction of the injury or within eight days thereof but does result subsequently, compensation shall begin to accrue with the eighth day after the date incapacity commenced. * * * Provided further, that if such incapacity continues for four (4) weeks or longer, compensation shall be computed from the inception date of such incapacity."

These provisions contemplate the beginning of every state of incapacity for which compensation is provided. The term "from the inception date of such incapacity," as here used, does not comprehend the injury from which the state of incapacity results. In computing the compensation claimed in the present case, the trial court correctly followed these provisions as thus interpreted, but committed error in allowing compensation for incapacity extending beyond the end of the period of 401 weeks

from the date of the injury. Texas Employers Insurance Association v. Guidry, 128 Texas, 433, 99 S. W. (2d) 900, this day decided. The defendant in error contends, however, that judgment for Jones for any amount is unauthorized, for the reason that the latter did not file his claim with the Industrial Accident Board within six months after the date of the injury, and did not show good cause for such failure, as required by section 4a of Article 8307 of the Revised Statutes, which reads as follows:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employe or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

■ Essentially the same state of facts which is involved in the present case was involved in the case of Williamson v. Texas Indemnity Insurance Co., 127 Texas, 71, 90 S. W. (2d) 1088. The decision in that case is to the effect that where an employee sustains an injury in the course of his employment, and afterwards, as a result of the injury, becomes incapacitated for work, and has failed to file a claim with the Industrial Accident Board within six months after the date of the injury, good cause, extending up to the time he files his claim with the Board, must be shown why he did not file his claim sooner than he did. On the authority of the decision in that case, the contention of the defendant in error is sustained. The plaintiff in error insists that since the jury has found that the total incapacity for work which he suffers began May 8, 1932, no cause of action in that respect accrued to him before then, therefore he was not required to file a claim with the Board before said date. This is true for the reason that the state of facts thus established shows good cause for his failure to file a claim with the Board prior to said date, but it does not show good cause extending up to the time he filed his claim some two months later. With respect to the interval of time between May 8, 1932, and the date he filed a claim with the Board, no showing

of good cause is made by either pleading or proof. Therefore the trial court erred in rendering judgment in his favor for any amount.

The judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause is affirmed.

Opinion adopted by the Supreme Court January 6, 1937.