INDEMNITY INSURANCE COMPANY OF NORTH AMERICA V. SIDNEY WILLIAMS.

No. 6774.   Decided January 6, 1937.
Rehearing overruled March 3, 1937.
(99 S. W., 2d Series, 905.)

52

*Barnes & Barnes*, of Beaumont, for plaintiff in error.

When there is no pleading of a good cause for failure to file a claim within six months, and when there is no evidence, not even a scintilla of evidence, that claim for compensation was filed within six months following the beginning of the incapacity, then plaintiff in error's (indemnity company) motion for an instructed verdict ought to have been sustained. Holloway v. Texas Indemnity Company, 40 S. W. (2d) 75; New Amsterdam Casualty Co. v. Scott, 54 S. W. (2d) 175.

*D. E. O'Fiel, W. R. Blain,* and *Tom C. Stephenson,* all of Beaumont, for defendant in error.

In answer to the above proposition cite Hair v. Wichita Valley Ry. Co., 274 S. W. 247; First Natl. Bank v. Rush, 246 S. W. 349; Lumbermen's Reciprocal Assn. v. Pollard, 10 S. W. (2d) 982.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In the trial court, the defendant in error, Sidney Williams, recovered judgment for compensation, under the Workmen's Compensation Law, for incapacity for work, resulting from the loss of 95 per cent of the use of his right hand and the total loss of the use of his left eye. The judgment has been affirmed by the Court of Civil Appeals. 69 S. W. (2d) 519.

Although many questions are presented, they relate mostly to matters which probably will not occur at another trial; therefore there is no need for us to state the case any further than to give a proper understanding of the rulings made.

1 The case was tried before a jury on special issues. According to the findings of the jury, Williams, while engaged in the work of his employment, on July 17, 1925, sustained, among injuries of a temporary nature, a permanent injury to his right hand and left eye; and, because of the injury to his hand and eye, he became incapacitated for work on February 28, 1931. He filed a claim for compensation with the Industrial Accident Board on May 20, 1931; but there is no evidence that he ever, at any time prior to the last mentioned date, filed with the board a claim with respect to any injury sustained by him at the time of the accident in July, 1925, or in respect to any incapacity resulting from his injuries. Taking as literally true, the jury finding that the incapacity suffered by Williams began February 28, 1931, still the judgment of the trial court, regardless of all other considerations, is erroneous for the reason that there is neither pleading nor proof to show good cause for his failure to file a claim with the board before May 20, 1931. Dave Jones v. Texas Employers Insurance Association this day decided, 128 Texas 437.

2 Since the judgment of the trial court must be reversed, it becomes proper to notice another question arising from the record before us, and which will probably arise at another trial. It appears in testimony that the injury to the hand and eye of Williams resulted at once, at the time of the accident, in

the incapacity for work of which he now complains. It further appears that a few weeks after the accident, his employer gave him new employment, at substantially the same wages as he had been receiving, which new employment involved much lighter work of a materially different character than that of the employment in which he was engaged at the time of the accident. He continued to perform the duties of this new employment, receiving substantially the same wages as before, until February 28, 1931, when he was discharged by his employer. The trial court charged the jury, in substance and effect, that in such a state of facts, "the period of incapacity in law is to be reckoned from the date of such employee's discharge or the termination of such employment, if any." The charge has relation to the matter of time within which an injured employee is required to file a claim with the Industrial Accident Board. The charge, as given, seems to be founded on Section 12a of Article 8306, which reads as follows:

"If the injured employee refuses employment reasonably suited to his incapacity and physical condition, procured for him in the locality where injured or at a place agreeable to him, he shall not be entitled to compensation during the period of such refusal, unless in the opinion of the board such refusal is justifiable. This section shall not apply in cases of specific injuries for which a schedule is fixed by this law."

Nothing can be found in the foregoing provisions to justify the charge given. Even if the jury had not found, as they did, that the incapacity suffered by Williams was limited to his hand and eye, but had found that he suffered a general injury of some character, from which his incapacity arose, still the fact that he accepted the new employment, and continued to perform the duties thereof until he was discharged, would not even constitute good cause for his failing to file a claim with the board, within six months from the date of the injury, much less would such fact have legal effect to postpone the date his incapacity began.

3 The trial court gave judgment in favor of Williams for compensation, in a lump sum, for the period of 325 weeks after February 28, 1931. This seems to be based upon the jury finding that the incapacity suffered by Williams began on the date mentioned. It seems, too, that the compensation so awarded is that which is provided for a specific injury in Section 12 of Article 8306 in the following words: "For the loss of an eye and hand, sixty per cent. of the average weekly wages during a period of three hundred and twenty five weeks." At any rate, counsel for Williams say in argument that the compensation

awarded in the judgment is that provided in the provision just quoted. Such being the case, the trial court's judgment, even if it were not otherwise erroneous, would be erroneous for the reason that same allows compensation for the partial incapacity extending beyond the end of the period of 401 weeks from the date of the injury. In Section 11 of Article 8306, it is provided, among other things, as follows: "Provided that in no case shall the period of compensation for total and partial incapacity exceed four hundred and one weeks from the date of the injury." This provision comprehends every state of partial incapacity which results from an injury sustained by the employee in the course of his employment. The respective "injuries" specified in Section 12 are, in each instance, but the means adopted by the Legislature to measure the degree that capacity for work is reduced by the particular "injury" specified. There is no reason to say that, as applied to such an injury, the term "from the date of the injury," as used in Section 11, does not mean the inception date of such injury, which is regarded as being coincident with the date of the occurrence, or the happening of the accident, which caused such injury. See Texas Employers Insurance Association v. Guidry, this day decided. 128 Texas 433. It follows therefore that in respect to an injury specified in Section 12, the compensation period does not, in any case, extend beyond the end of 401 weeks from the inception date of such injury.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court January 6, 1937.

Rehearing overruled March 3, 1937.