### TEXAS EMPLOYERS INS. ASS'N v. WHITE.

### No. 2032—6902.

Commission of Appeals of Texas, Section A.

Jan. 6, 1937.

Lawther & Cramer and Wm. M. Cramer, all of Dallas, for plaintiff in error.

Grisham Bros., of Eastland, for defendant in error.

HARVEY, Commissioner.

In this suit, the defendant in error, H. G. White, seeks to recover compensation, under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8360 et seq.), for a state of permanent total incapacity for work, which resulted from an injury sustained by him in the course of his employment. The case was tried before a jury, on special issues, resulting in a judgment in favor of White. According to the verdict of the jury, White, "in August, 1930," sustained an injury in the course of his employment and "March, 1933," became totally incapacitated for work and same is permanent. Other facts found by the jury need not be stated since they are immaterial to a decision. The trial court rendered judgment in favor of White for compensation, payable in a lump sum, for the period of 401 weeks from the date said incapacity began. The Court of Civil Appeals affirmed the judgment. 79 S.W.(2d) 911.

The judgment of the trial court is erroneous to the extent that compensation is awarded for a period extending beyond the end of 401 weeks from the date of the injury. Texas Employers Insurance Association v. Guidry (Tex.Com.App.) 99 S.W.(2d) 900 (this day decided); Jones v. Texas Employers Insurance Association

(Tex.Com.App.) 99 S.W.(2d) 903 (this day decided). We are unable to reform the judgment, for want of information as to the date the injury occurred and as to the date total incapacity began. The verdict of the jury furnishes no more definite information in those respects than to give the month and year the respective events occurred.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause is remanded.

Opinion adopted by the Supreme Court.