## HAMILTON v. TRAVELERS INS. CO.

### No. 5185.

Court of Civil Appeals of Texas. Texarkana.

March 18, 1938.

Rehearing Denied April 14, 1938.

Wm. V. Brown, of Texarkana, for appellant.

Atchley & Vance and King, Mahaffey & Wheeler, all of Texarkana, for appellee.

WILLIAMS, Justice.

Appellant, Sherman Hamilton, plaintiff below, filed suit on April 13, 1935, under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.; to recover compensation for an alleged injury received April 25, 1934, which injury he alleged resulted on December 13, 1934, in total and permanent disability. It is the contention of appellant that on April 25, 1934, he was struck in the stomach by a timber while employed by the International Creosoting & Construction Company, the subscriber; that the foreman of said company received notice of his accident on the same date; he continued in this employment but suffered with pains in his abdomen from its inception; and that said injuries did not develop until on or about the 13th day of December, 1934, at which time he became totally and permanently incapacitated as result of said accident sustained by him on April 25, 1934. Appellant testified, and it is undisputed, that in May, 1934, he was examined by a physician who informed him that he had a hernia, and on November 5, 1934, he was examined by another physician who likewise informed him that he had a hernia. Appellant's notice of injury and claim for compensation as filed with the Industrial Accident Board are both dated December 13, 1934, being filed with said board on December 15, 1934. In both of these instruments his injury is described as "being in the right side in the lower region, and being a weakness seemingly like a hernia in the right side."

In respect to the statutory requirement of section 4a of article 8307 of the Workmen's Compensation Act that a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same, appellant pleaded: " * * * That following the development of said injuries that he notified the employer, the defendant, and

the Industrial Accident Board, and served written notice of said injuries and filed claim for compensation, said notice of injury being given within thirty days after said injuries developed, and said claim for compensation being filed within six months after said injuries developed. * *"

It is to be noted that the only claim for compensation filed was on December 15, 1934, which was more than six months from the date of the alleged accident. The petition did not contain any allegations in explanation of why claim for compensation was not filed within six months from April 25, 1934, and no testimony was introduced to show good cause why the claim was not made prior to December 15, 1934. No issue was requested nor submitted on the question of a specific injury, or the existence of good cause for failure to make a claim up to the time of the filing of his claim. The jury found that appellant received an injury on April 25th, and permanent incapacity began on December 13, 1934. It was appellant's position in the trial that the six-month period of time should begin from the date of the development of the injuries or from December 13th.

■ In Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088, in opinion by the Supreme Court construing the provisions of section 4a, article 8307, R.C.S.1925, Justice Sharp said:

"Whether good cause exists for not filing a claim for compensation within 6 months as provided in section 4a, supra, is ordinarily a question of fact. The burden is placed upon the employee to allege and prove this fact. * * * Where the testimony is such as to show good cause for not filing the claim within the 6 months as provided for by statute, it may be filed after the expiration of 6 months in meritorious cases, but the burden is upon the claimant to allege and prove the existence of such good cause up to the time of the filing of his claim, and not merely the existence of good cause during the first 6 months. * * *

"It was the evident purpose of the enactment of the provision in question to require a claimant to file claim within six months after his injury, and, if filed at a later period, he is not entitled to recover without an affirmative showing that good cause exists for the claim not being filed at an earlier date."

In Texas Employers Ins. Co. v. Jones, 70 S.W.2d 791, in a cause with facts analogous in many respects to the present case, Justice Higgins of the El Paso Court of Civil Appeals, in construing said section 4a, said (page 793):

"But the Compensation Law provides the word 'injury' 'shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom.' Article 8309, § 1, Subd. 5, R.S.

"It is quite plain from the plaintiff's testimony that the accident on March 11, 1930, resulted immediately in 'injury' to him as that word is defined in the Compensation Law.

"The fact that he was not immediately incapacitated, that he continued to work and did not become incapacitated until May 8, 1932, and did not realize he had sustained incapacity until said date, does not alter the fact that on March 11, 1930, he sustained an 'injury' as that word is defined by the Compensation Law, and out of which his claim for compensation arises. Such being the case, he was required to file his claim with the Board within six months after the occurrence of the same or show good cause excusing the delay. The delayed development of his injury and his failure to realize the extent ·of same until May 8, 1932, may present an issue of good cause existing to such date. Texas Employers' Ins. Ass'n v. Fricker (Tex.Civ.App.) 16 S.W. 2d 390."

The Commission of Appeals, in an opinion adopted by the Supreme Court in Jones v. ·Texas Employers' Ins. Co., reported in 128 Tex. 437, 99 S.W.2d 903, approved this holding by the Court of Civil Appeals, citing, in support of their conclusions, Williamson v. Tex. Ind. Ins. Co., supra. See, also, Johnson v. Emp. L. A. Corp'n, Tex.Com.App., 112 S.W.2d 449; Indemnity Ins. Co. of North America v. Williams, Tex.Com.App., 99 S.W.2d 905; Tex. Employers' Ins. Ass'n v. White, Tex.Com.App., 99 S.W.2d 904; Tex. Employers' Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Lawlers Texas W. C. Law, § 230, p. 402.

After the verdict was received the trial court entered judgment for the defendant notwithstanding the verdict of the jury. Appellant contends that the action of the trial court in granting the motion and entering such judgment was contrary to

416

the provisions of article 2211, R.S., as amended in 1931 by chapter 77 of the Acts of 42d Legislature, Vernon's Ann.Civ. St. art. 2211. This judgment entered January 4, 1936, recites:

"* * * Came on to be heard * * the motion of the Travelers Insurance Company, defendant in above entitled * * * cause, to render judgment in its favor notwithstanding the verdict of the jury herein; and it appearing to the court that said motion was filed herein on the 22nd day of November, 1935, and that upon due and reasonable notice of the filing of said motion to the plaintiff and his attorney; and both plaintiff and defendant having appeared on said motion by their respective attorneys of record; and it further appearing to the court, and the court so finds, that a directed verdict in favor of the defendant would have been proper in this cause; and it further appearing that the defendant, at the proper time on the trial hereof, filed its motion for a directed verdict in its favor, the court is of the opinion that the law is with the defendant, and said motion to render judgment notwithstanding the findings of the jury should be granted, and that the plaintiff is not entitled to recover herein. * * *"

The motion as filed by defendant reads: "Now comes the defendant, The Travelers Insurance Company, in above styled cause, and prays that the court, notwithstanding the verdict of the jury herein render judgment in its favor."

■ Prior to 1931, article 2211 provided in substance that the court's judgment must conform to the verdict. In 1931, the Legislature amended this article and added thereto the following qualifications: "Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence."

This amendment just quoted provides two situations whereby the trial court can render a judgment that does not in all respects "conform to the verdict." The recitals in the judgment herein copied reflects that the court acted upon a motion after reasonable notice had been given and under the provisions of article 2211, supra, to wit: "Provided, that upon motion and reasonable notice the Court may render judgment, non obstante veredicto if a directed verdict would have been proper." If a directed verdict would have been proper the trial court had the authority to disregard the verdict of the jury. Vogel v. Allen, 118 Tex. 196, 13 S.W.2d 340, and authorities there cited; Stollings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449. The undisputed facts showing that more than six months had elapsed from the time he received an injury until the time he filed his claim, and, appellant having failed to plead and prove the existence of good cause up to the time of the filing of his claim, a directed verdict would have been proper.

The judgment is affirmed.

### On Motion for Rehearing.

■ It is urged that this cause be reversed and remanded, instead of being affirmed, to permit on another trial amended pleadings and additional evidence in support thereof. An appellate court will not reverse a judgment of the trial court in order to give the losing party in the trial court an opportunity to make a better case by evidence, no reversible error being shown, for otherwise to adopt such a rule would prevent the termination of litigation by appellate courts. 3 Tex.Jur., p. 1143, § 804, and authorities there cited.

The motion is overruled.