## MAYERS v. ASSOCIATED INDEMNITY CORPORATION.

### No. 876.

District Court, N. D. Texas, Wichita Falls Division.

April 6, 1938.

Napier & Napier, of Wichita Falls, Tex., for the motion.

T. R. Boone of Wichita Falls, Tex., opposed.

ATWELL, District Judge.

The plaintiff, an employee of the Panhandle Steel Products Company, for whom

the Associated Indemnity Corporation wrote the employers liability insurance, brought his suit in the state court alleging, that, on the 10th of October, 1936, while in the regular course of his employment, he was injured and that thereafter, on the 10th, of November, 1937, as a result of such injury, he suffered the total and permanent loss of the use of his left leg.

The cause was seasonably removed to this court and a motion is made to remand.

The plaintiff's petition is so inartistically drawn as to make it difficult to discover the exact injury from which he claims he is suffering. But from the argument of counsel on this motion, and the removal papers, the fact is that on October 10, 1936, he suffered an injury which he thought inconsequential but which later, on November 1, or November 10, resulted in the loss of the use of his left leg.

He contends that, while he was injured on October 10, 1936, the loss of the leg did not occur until November 1, 1937, and that since the act requires the weekly benefits to begin on the date of the injury, 54 of the 200 weeks, to which one is entitled for the loss of a leg having passed, there are but 146 weeks remaining to be paid for, at the rate of $20 per week, which would be less than $3,000, and that, therefore, the cause should be remanded.

The Supreme Court of Texas, in Texas Employers Insurance Association v. Guidry, 128 Tex. 433, 99 S.W.2d 900, adopted a construction of the statute which is not in harmony with this contention. In that case the disability at issue occurred 7 years after the injury and the court held that the workman was entitled to judgment for compensation for a period which began at the time of the disability, rather than at the time of the injury, and that the 401 weeks, fixed by the statute as the payment period in that case, should date from the time of the injury, rather than from the date of the incapacity that resulted from the injury. The 401 weeks were figured from February 8, 1926, the date of the original injury, and not from October 10, 1933, the time of the incapacity which resulted from that injury.

What the highest court of the state says with reference to a state statute is what that statute means, and is binding on the national court.

It must be quickly conceded that such construction seems to ignore some of the sections of the act. Section 10, article 8306, Vernon's Ann.Civ.St.Tex., provides that, compensation is paid while the incapacity exists. Section 11 fixes the time for the beginning of such incapacity payments as the date of the injury. Subdivision 5 of section 1, article 8309, Vernon's Ann.Civ.St.Tex., defines injury to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom. The statute would be saved from any inconsistency, requiring construction, if the term, injury, was not tied to disease or infection resulting therefrom, in the manner that it is tied. Frequently a workman is injured, the injury seems to be trivial or short lived, he either pays no attention to it or receives a short term compensation. Months or years pass and a more serious condition sets in, which is a compensable disease or infection, traceable to the original injury. A problem is then presented of figuring the number of weeks for which pay should be made. If the date of the original injury fixes the payment there will be compensation when there is no incapacity. If the date of the serious reappearance or after result is to be fixed, then some of the time from the original injury has already elapsed, and the contention is made that that which has elapsed, when there is no incapacity, should be deducted from the time that the statute permits for that particular sort of injury. It is not inconceivable that the after result might happen when the entire 401 weeks shall already have run.

There is another thought that must be given consideration, viz., the act provides for lump sum settlements, "if and when a manifest injustice and hardship would result," if the lump sum is not given. The method of figuring adopted in the Guidry Case, supra, must result in a lump sum payment to the worker for all the weeks that have elapsed at the time of the rendition of the judgment. If more time had elapsed, or, all of the 200 weeks had elapsed, in an amputation case, then the entire amount would be payable, without a finding of lump sum necessity and without the best interests of the worker being considered. We all recognize that there is wisdom in the statutory provision for weekly benefits rather than paying the entire amount to the person who may not know exactly how to handle his money. It is thought that such a procedure saves the workman from want because of im-

providence, and, because he gets his payments in a way that is best for him and for society. On the other hand, it might result in one who had lost a leg in not getting the full 200 weeks, as illustrated by this case.

However that may be, the construction spoken of is binding on this court and if Mayers is entitled to recover for the loss of his leg the 200 weeks would begin to run at 'the time of his injury in October, 1936, and not at the time that he lost his leg in November, 1937, which compilation results in an amount in excess of $3,000.

The motion to remand is overruled.