

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 29, 1962

Honorable J. Overby Smith
Chairman
Industrial Accident Board
State Insurance Building
Austin, Texas

Opinion No. WW-1426

Re: Under Section 6 of
Article 8306 of Vernon's
Civil Statutes, should
the first day which an
injured employee is un-
able to perform his
regular task for any
part of such day be
counted as the first
day of incapacity for
purposes of this section?

Dear Mr. Smith:

This is a reconsideration of Opinion No. WW-1389
which is hereby withdrawn.

You have requested the opinion of this office concern-
ing Section 6 of Article 8306 of Vernon's Civil Statutes as it
applies to determine when an incapacitated employee becomes
entitled to workmen's compensation benefits.

Section 6 of Article 8306 of Vernon's Civil Statutes,
provides:

"No compensation shall be paid under this
law for an injury which does not incapacitate
the employee for a period of at least one week
from earning full wages, but if incapacity ex-
tends beyond one week, compensation shall begin
to accrue on the eighth day after the injury.
The medical aid, hospital services, chiroprac-
tic services, and medicines, as provided for in
Section 7 hereof, shall be supplied as and when
needed and according to the terms and provi-
sions of said Section 7. If incapacity does
not follow at once after the infliction of the
injury or within eight days thereof but does
result subsequently, compensation shall begin
to accrue with the eighth day after the date
incapacity commenced. In any event the employee
shall be entitled to the medical aid, hospital
service, chiropractic service and medicines

provided in this law. Provided further that if
such incapacity continues for four (4) weeks or
longer, compensation shall be computed from the
inception date of such incapacity."

The question you have submitted is as follows:

"Should the first day, regardless of
time of day in which the injured employee
is unable to perform his regular task for
any part of the day, be considered and
counted as the first day of incapacity?"

You advise that the interpretation of the Industrial
Accident Board of the waiting period is:

"The seven (7) day waiting period shall
be made up of seven (7) calendar days. The
first day to be counted as a full day of lost
time shall be the first day in which the
injured employee is unable to perform his
regular tasks for any part of the day."

A "yes" or "no" answer to your question would not be
satisfactory since either will still leave in doubt the ques-
tion as to which is the "eighth" day specified in the statute
on which compensation is to begin. The fundamental question
then is: When does compensation begin? The memorandum of the
Board does not answer the question. The best way to answer
this question is by illustration.

Suppose the injury or the incapacity occurs on Monday.
The first day after the injury or incapacity is Tuesday. The
second day is Wednesday. The third day is Thursday. The fourth
day is Friday. The fifth day is Saturday. The sixth day is Sun-
day. The seventh day is Monday. The eighth day is Tuesday.
Compensation begins to accrue on Tuesday.

Insofar as the fundamental rules of statutory con-
struction apply in this particular instance, they support our
conclusion in the above illustration.

At the beginning of Section 6, the Legislature pro-
vided no compensation for a "period of at least one week from
earning full wages." Seemingly in an effort to leave no doubt
about this, it said that incapacity must "extend beyond one
week" and compensation should then begin to accrue "on the
eighth day after the injury." Again, when incapacity did not

occur simultaneously with the injury, the statute provides for compensation to accrue on the "eighth day after the date incapacity commenced."

The primary rule of statutory construction is that the legislative intent must govern, and clearly in this Act, the Legislature intended not a waiting period of 6 days, or 6½ days or 6-3/4 days, but at least one week -- seven days, or more, but not less.

The definition of a period of time or the stating of a formula for determining lapse of time generally contains the unit of measurement (such as in days, weeks, or months) and the starting point or event (such as date of service, date of incapacity) separated by a preposition. This statute uses "from" and "after." The legal interpretation of these words is found in 41-A Tex.Jur. p. 385, "From" or "After," Sec. 15:

> "The general rule is to exclude the first day and to include the last in computing time 'from' or 'after' a specified day or event. . . ."

This has always been the law in Texas, supported by a long line of Supreme Court decisions, one of the latest being Home Ins. Co. of New York v. Rose, 152 Tex. 222, 255 S.W.2d. 861, a unanimous decision of 1953.

We are unable to find any decision wherein a court is called upon, and does rule upon, the specific question you ask about Section 6 of this Act. In the avalanche of decisions construing this Act, however, there may be found cases that approve or affirm calculations of benefits made in the trial court by a judge or jury which may not appear to be in accordance with our formula. Likewise such calculations may be found that are in accord.

There is a line of decisions construing Section 10 of the Act and which are concerned with computing the period of maximum benefits up to 401 weeks, originating with Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900 (1937) and Jones v. Texas Employers Ass'n., 128 Tex. 437, 99 S.W.2d 903.

Admittedly, some of these decisions may be susceptible of logical interpretations arriving at a conclusion contrary to ours as well as in support thereof. However, we doubt the propiety of their applicability to the instant question since, as

stated, they are construing Section 10, and since further, the Court, itself, seems to infer a distinction at the beginning of page 904 of the Jones case. We think the plain wording of the statute, however, clearly supports the conclusion reached herein.

## S U M M A R Y

To determine the date on which compensation begins under Section 6 of Article 8306 of Vernon's Civil Statutes, count as the "first day" the day that follows immediately the date of injury or incapacity, and continue to count the days in consecutive numerical order and begin compensation on the "eighth day."

Yours very truly,

WILL WILSON
Attorney General of Texas

By  Scranton Jones
    Assistant

SJ:wb:zt

APPROVED:

OPINION COMMITTEE

Morgan Nesbitt, Chairman

Cecil C. Rotsch
Robert Shannon
L. P. Lollar
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore