### A. E. WILLIAMSON V. TEXAS INDEMNITY INSURANCE COMPANY.

No. 6563. Decided February 19, 1936.
Rehearing overruled March 18, 1936.
(90 S. W., 2d Series, 1088.)

*Winbourn Pearce* and *Byron Skelton,* both of Temple, and *Jim Evetts,* of Belton, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the evidence was insufficient to excuse claimant for his delay in filing his claim for compensation after the time prescribed by statute. Tunnell v. Reeves, 35 S. W. (2d) 707; Farmers Gin Co. v. Smith, 28 S. W. (2d) 839; Wright v. Williamson, 27 S. W. (2d) 558; Texas Employers Ins. Assn. v. Clark, 23 S. W. (2d) 405.

*Don Emery, R. K. Batten,* and *T. L. Dyer,* all of Amarillo, for defendant in error.

Claimant's failure to file his claim within six months and not assigning good cause for not doing so was fatal to his claim. Texas Emp. Ins. Assn. v. Martin, 296 S. W., 639; Zurich General Accident & Fidelity Co. v. Walker, 35 S. W. (2d) 115.

MR. JUSTICE SHARP delivered the opinion of the court.

This suit arose under the Workmen's Compensation Law, Title 130, Articles 8306-8309, Vernon's Annotated Civil Statutes. A. E. Williamson filed suit in the District Court of Upton County against the Texas Indemnity Insurance Company for alleged injuries received by him while in the employ of the Phillips Petroleum Company and in the due course of his employment for that company. In response to answers made by the jury to special issues submitted, the trial judge entered judgment in favor of Williamson and against the Texas Indemnity Insurance Company, for compensation to the extent of $8020.00, and that of said amount the sum of $3000.00 had accrued, and that judgment be entered for that amount and for the further sum of $20.00 per week from the 18th day of June, 1932, for 251 successive weeks thereafter. The Court of Civil Appeals at El Paso reversed and rendered the cause in favor of the Texas Indemnity Insurance Company. 59 S. W. (2d) 232.

The testimony shows that on July 29, 1929, A. E. Williamson, while in the due course of his employment as an employee of the Phillips Petroleum Company, was seriously injured. It tends to show that he received certain injuries which rendered him physically and mentally incapacitated from attending to his business from the date of his injuries to the date of his trial. The Phillips Petroleum Company was notified of the injuries within two or three days thereafter, and he was removed to the hospital at Iraan, and shortly thereafter, at the instance of the representative of the Phillips Petroleum Company, he went to the King's Daughters Hospital at Temple. On December 5, 1930, he filed his claim for compensation with the Industrial Accident Board. His claim was denied by the Board because of his failure to file same with the Board within six months after injury, and good cause not being shown for the failure to do so.

The jury found:

(a) That Williamson, while working for the Phillips Petroleum Company, on the 29th day of July, 1929, sustained accidental personal injuries.

(b) That Williamson, as a result of such injuries, sustained loss of capacity to work.

(c) That such incapacity for work commenced on July 29, 1929.

(d) That Williamson sustained total loss of capacity for work for a length of time on July 29, 1929.

(e) That such total loss of capacity for work was permanent.

(f) That Williamson had given notice of his accidental injury to the Phillips Petroleum Company within thirty days after the 29th day of July, 1929.

(g) That Williamson had good cause for not filing his claim for compensation within six months after the occurrence of such injury.

The Honorable Court of Civil Appeals held, as a matter of law, that the evidence is insufficient to excuse the delay for filing his claim with the Industrial Accident Board, and therefore reversed and rendered the cause. In the light of this record, we think this was error.

■ It appears from the evidence that Williamson was injured and went to the hospital at Temple, where he remained for a long time. It also appears that he was physically and mentally unable to file his claim for compensation sooner than he did file it. He had sustained injuries before while working for the Phillips Petroleum Company, and that company practically took charge of the matter for him and brought about a settlement in payment of his claim. The evidence tends to show that Williamson was confined in a hospital, or in a room near the hospital, for treatment, and that the agents of the Phillips Petroleum Company and the Texas Indemnity Insurance Company talked to him about his injuries, and he believed that his claim was being handled as it had been handled before. When he learned that his claim had not been filed with the Industrial Accident Board, and that the Phillips Petroleum Company and the Texas Indemnity Insurance Company were not looking after the matter for him, he afterwards filed same with the Industrial Accident Board. The evidence is conflicting upon this question, but we think it raises an issue of fact. This Court has repeatedly held that if there is any evidence in the record to sustain the findings made by the jury or the trial court, the Court of Civil Appeals is not justified in substituting its findings of fact for the findings made by the trial court and the jury, and render final judgment thereon. First State Bank v. Metropolitan Casualty Ins. Co., 125 Texas, 113, 79 S. W. (2d) 835, 98 A. L. R., 1256, and cases cited.

■ The trial court submitted to the jury Special Issue No. 13, which reads:

"Do you find from a preponderance of the evidence in this case that the plaintiff, A. E. Williamson, had good cause for not filing his claim for compensation, with respect to the injury alleged to have been sustained by him, within six months after the occurrence of such injury, if any? Answer yes or no."

This issue was incorrectly submitted, in that it did not meet the facts involved here. It is not denied that the claim for compensation was not filed with the Industrial Accident Board within six months after the injuries were sustained.

Section 4a of Article 8307, Vernon's Annotated Texas Statutes, reads:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employe or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

■ Whether good cause exists for not filing a claim for compensation within six months as provided in Section 4a, supra, is ordinarily a question of fact. The burden is placed on the employee to allege and prove this fact. Ocean Accident & Guarantee Corporation, Ltd., v. Pruitt et al., 58 S. W. (2d) 41. Where the testimony is such as to show good cause for not filing the claim within the six months as provided for by statute, it may be filed after the expiration of six months in meritorious cases, but the burden is upon the claimant to allege and prove the existence of such good cause up to the time of the filing of his claim, and not merely the existence of good cause during the first six months. Judge Leddy has tersely stated the rule, and the reasons therefor, in the case of Holloway et al. v. Texas Indemnity Ins. Co. (Comm Appls.), 40 S. W. (2d) 75, in the following language:

"The exception which permits the filing of a claim for compensation after the six months' period is contained in section 4a, article 8307, R. S. 1925; it being as follows: 'For

good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board.'

"Clearly this provision operates to remove all cases arising under the Workmen's Compensation Law from the statute of limitation applicable in ordinary personal injury cases. In other words, where an employee's claim for compensation is filed within three years after the injury, if he is able to show good cause for the failure to file prior to that time, he would be entitled to the benefits of the act.

"This being true, it logically follows it was not within the contemplation of the legislative body in enacting such provision that an employee who delayed filing a claim before the Industrial Accident Board for any number of years could recover compensation by merely showing that good cause existed for the first six months of the delay period. This would be a most unreasonable construction of the statute and would result in placing the burden upon insurance companies of attempting to defend compensation claims many years after the injuries were supposed to have been received and at a time when it would be difficult, if not altogether impossible, to produce any proof in regard thereto.

"It was the evident purpose of the enactment of the provision in question to require a claimant to file claim within six months after his injury, and, if filed at a later period, he is not entitled to recover without an affirmative showing that good cause exists for the claim not being filed at an earlier date."

The issue should have been submitted requiring the jury to find if Williamson had good cause for not filing his claim for compensation for the injuries sustained by him to the time it was filed with the Industrial Accident Board. It was error to submit it in the above form.

■ Where the evidence affirmatively raises the question of previous injuries sustained by the claimant, the insurer has the right to have submitted the issue as to whether or not the claimant's disability was directly attributable to causes independent of the alleged injuries. Section 12c, Article 8306.

There are other questions presented, but since the case will be reversed and remanded for a new trial, probably they will not arise on another trial.

The judgment of the Court of Civil Appeals is reversed,

and this cause is remanded to the trial court for another trial.
Opinion delivered February 19, 1936.
Rehearing overruled March, 18, 1936.