**WESTERN CASUALTY CO. v. LAPCO.**

No. 13568.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1937.

Rehearing Denied Sept. 10, 1937.

Cantey, Hanger & McMahon and F. T. Denny, all of Fort Worth, for appellant.

Houtchens & Houtchens, J. Elwood Winters, and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

This is a workman's compensation case, appellant being the insurance carrier.

Appellee, wife of the employee, alleged that her husband, while in the course of his

employment with Armour & Co., on December 15, 1933, sustained injuries to his head, legs, right side, back, and right foot, and that such injuries resulted in the employee's death on June 15, 1934; that she gave notice to the employer, filing a claim with the Industrial Accident Board on about December 26, 1934 (which was more than six months after the death of the employee); and for the purpose of showing good cause for not sooner making her claim for compensation, she alleged that one W. O. Freeman, the compensation carrier's agent, represented to her that she was not entitled to compensation, for the reason that her husband died as the result of an operation for appendicitis and not because of the injuries sustained in the course of his employment; that she believed such representations to be true and relied thereon; that she is an ignorant and illiterate woman, without any knowledge of the law or of her rights in the premises; and that being advised of her rights she immediately filed her claim for compensation.

With respect to the representations alleged to have been made by Freeman, appellee alleged, first, that he made the representations, believing them to be true; and, in the alternative, she pleaded that there was a mutual mistake, and that there was a mistake as to the facts, and further that the representations were fraudulently made.

Appellant answered by a general demurrer, by special exceptions directed to appellee's allegations made for the purpose of showing good cause for not sooner filing her claim, and by a general denial.

The case was tried to a jury, and seems to have been submitted upon a theory that has not heretofore been presented to an appellate court in Texas, in so far as the issue of "good cause" for not sooner filing the claim before the Industrial Accident Board is concerned.

On the issues presented, the jury found, in substance, as follows: (1) That W. O. Freeman had stated to plaintiff that she was not entitled to compensation by reason of the death of her husband; (2) that plaintiff believed such statement; (3) that plaintiff's failure to file claim was not in reliance solely on such statement by Freeman; (4) that an ordinarily prudent person, situated under the same or similar circumstances, would not have, from the time of the making of such statement by Freeman, given notice to the board prior to the date on which it was given; (5) that Harry Lapco did, on December 15, 1933, while in the employment of Armour & Co., sustain injuries to his right foot, his back, and right side; (6) that such injury or injuries were a producing cause of his death; (7) that appendicitis complicated by peritonitis was not the sole cause of Lapco's death; (8) that in June of 1934 Lapco had not recovered from injuries sustained by him in December, 1933; (9) that from the date of Lapco's death down to December 26, 1934 (the date on which claim was filed), plaintiff believed that her husband's death was caused by his injuries; (10) that Lapco's death was not proximately caused by disease unassociated with his injuries; (11) that in June, 1934, he was not able to do the work which he had been doing prior to December 15, 1933 (the date of his injuries); (12) that plaintiff had not been advised of her rights to prosecute a claim for compensation prior to December 26, 1934 (the date of her claim); and (13) that plaintiff did not know before December 26, 1934, that she was entitled to file and prosecute her claim for compensation.

On the verdict, the trial court rendered judgment for appellee after appellant had filed its motion for judgment, and such motion was overruled.

The motion for new trial having been presented and overruled, the case has been properly appealed.

We find 40 assignments of error in appellant's brief and 11 propositions. We gather, from pronouncements made by our Supreme Court, that no proposition is necessary to support an assignment of error, but we also understand that an assignment of error, which merely appears in the brief but which is not actually briefed and presented to the appellate court with a supporting statement, is considered abandoned. Therefore, we take it for granted that the following assignments or error have been briefed and are presented to this court for review, to wit, Nos. 2, 3, 4, 5, 7, 11, 12, 14, 22, 23, 32, 33, 36, 38 and 39, and we are of opinion that all other assignments of error must be taken by us as abandoned.

The second, third, fourth, and fifth assignments of error complain of the overruling of appellant's special exceptions contained respectively in paragraphs 2, 3, 4, and 5 of its amended original answer.

The exceptions found in paragraphs 2 and 3 are urged against paragraph 6 of appellee's petition, in which the afore-

mentioned representations made by the said Freeman to appellee are alleged by her to have been believed by her and that she believed the said Freeman believed such representations to be true, but that she is not a lawyer and is an ignorant, illiterate, and uneducated woman, a Russian by birth, and unaccustomed to handling claims of the character sued upon, and that she did not know definitely, until she was advised a day or so before she filed her claim with the Industrial Accident Board, to go to an attorney and counsel with him concerning her claim, and that upon doing so she was advised to file her claim, and immediately did so.

We are of opinion that the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.) should be liberally construed. We know that our Supreme Court has so held in many cases. We realize that we are pioneering in this particular case, but we are constrained to believe that an ignorant, illiterate, foreign-born person may show good cause for not filing a claim before the Industrial Accident Board under the facts pleaded. Therefore, we are of opinion that the trial court committed no error in overruling the two special exceptions addressed to paragraph 6 of appellee's pleading.

The two exceptions presented in assignments of error Nos. 4 and 5 are addressed to the allegations found in paragraph 7 of appellee's petition, which likewise are presented on the issue of good cause for not sooner filing her claim. These allegations are to the effect that the physician who attended her husband informed her that his death was occasioned by appendicitis, and that such disease was in no way related to the injuries received by her husband, and that she believed such statements, but that the persons making the statements were either mistaken or the same were falsely and fraudulently made for the purpose of misleading her; and she further alleged that by reason of the facts there was a mutual mistake on the part of herself and all such persons. We believe there was no error in overruling such exceptions because of the conclusions stated above.

The seventh assignment of error complains of the trial court's refusal to give appellant's requested peremptory instruction. We do not believe error is shown in such ruling.

It was further insisted that the court erred in submitting any issue to the jury because appellee failed to file her claim for compensation within the time required by law and showed no good cause for her failure to do so. Evidence was introduced supporting the allegations of good cause which were not stricken from her pleading, and believing, as we have pointed out, that the Workmen's Compensation Law should be liberally construed, we overrule this assignment of error.

The Supreme Court said in Williamson v. Texas Indemnity Ins. Co. 127 Tex. 71, 90 S.W.(2d) 1088, 1089: "Whether good cause exists for not filing a claim for compensation within 6 months as provided in section 4a, supra, is ordinarily a question of fact." Section 4a of art. 8307, Vernon's Ann.Civ.St.

No effort has been made, so far as we are able to find, to lay down any specific rule fixing the facts that may be relied upon as showing good cause, and the facts that may not be relied upon. We are of opinion that whether or not the facts established before the court and jury may constitute good cause for not sooner filing the claim is a matter of law to be determined by the court. That is to say, even though the jury may find that a reasonably prudent person, under the established facts, would have delayed filing a claim before the Industrial Accident Board, if the established facts furnish no reasonable excuse for not filing such claim, and it could be said that the minds of reasonable men could not differ as to the reasonableness of such excuse, then the absence of such excuse becomes a matter of law. Therefore, we overrule this assignment of error.

The twelfth assignment of error complains that the trial court erred in submitting any issue to the jury because there was no testimony warranting a finding of the jury of any casual connection between the injuries sustained by the employee in December, 1933, and his death in June, 1934; and that all such testimony offered on the issue was incompetent because it was too vague, remote, general, and speculative. We believe there is some evidence tending to show such casual connection, and this assignment of error is overruled.

The fourteenth assignment of error insists that the trial court erred in submitting special issue No. 1 to the jury. That issue

is: "Do you find from a preponderance of the evidence that subsequent to the death of Happy Lapco that W. O. Freeman stated in substance to the plaintiff, Mrs. Lapco, that she was not entitled to compensation as a result of the death of her husband?" The answer to such issue was: "Yes."

If the Workmen's Compensation Law is to be liberally construed, and if we are correct in holding that an ignorant and illiterate foreign-born citizen of the United States who, of necessity, could not have known her legal rights, is able to show that statements made to her, advising her she had no legal rights, influenced her in delaying the filing of her claim before the Industrial Accident Board, then the submission of the issue of whether or not such representations were made to her could not be error.

The twenty-second and twenty-third assignments of error complain of the submission by the trial court of special issue No. 4 which inquired, in substance, of the jury whether or not an ordinarily prudent person, situated as was the appellee, would not have given notice of her claim to the Industrial Accident Board prior to December 26, 1934. This issue was answered favorably to appellee.

Appellant contends that the issue does not submit a proper test for the determination of the question of good cause, and that the court erred in not submitting an issue of fact as to whether or not plaintiff had shown good cause for not sooner filing her claim, and the failure of the court to define to the jury the meaning of the term "good cause."

In New Amsterdam Casualty Co. v. Chamness (Tex.Civ.App.) 63 S.W.(2d) 1058, 1059, the rule is stated as follows: "The standard to be applied to an employee in determining whether good cause existed is that of the conduct of an ordinary [ordinarily] prudent man, the same as in negligence cases." A writ of error was refused in that case and this seems to be the established rule.

The Supreme Court in the case of Williamson v. Indemnity Ins. Co., 127 Tex. 71, 90 S.W.(2d) 1088, condemned the charge which submitted to the jury a question of whether or not the plaintiff had good cause for not sooner filing his claim for compensation and held that such issue was incorrectly submitted in that it did not meet the facts involved in the case.

Assignments of error Nos. 32 and 33 call our attention to the fact that in answer to special issue No. 3, the jury found that appellee's failure to give notice of the claim for compensation was not in reliance solely on the representations made to her by Freeman, and that in answer to the defendant's special requested issue No. 6, the jury found that appellee, from the date of the death of her husband down to the date when she filed her claim before the Industrial Accident Board, believed that her husband's death was caused by the injuries sustained by him in December, 1933, and that these findings conclusively show that appellee did not rely upon the statement made to her by Freeman.

If our view of this case is correct, in order to show good cause for failure to sooner file her claim, appellee is not called upon, under the facts in this case, to show that she relied solely upon the representations and advice given her by Freeman. There is an absence of a finding that she relied in part on such representations and advice, and the court having instructed the jury to find whether or not she placed sole reliance on the same, the jury having answered such issue in the negative, we are of the opinion that the case was erroneously submitted, and that it should be reversed and remanded and not reversed and rendered, as is contended for by appellant.

The thirty-eighth assignment of error complains of the trial court refusing to grant appellant's motion for judgment, notwithstanding the verdict, because there is no finding on the issue of whether or not the statements made by Freeman were true or false. We are frank to confess that this particular case presents to us, as we said above, a situation that has never heretofore reached an appellate court, either in or out of Texas. The jury has found that Freeman made the statements charged to him, and if we understand the language used, it does not mean that appellee could not file a claim for compensation before the Industrial Accident Board, but does mean that she has no lawful right to recover compensation if she made the claim. The statement was, in effect, a declaration on the part of Freeman that appellee had no legal right to compensation under the facts and we do not see how the jury could be properly instructed to answer an issue finding whether or not Freeman's statement and advice was true or false.

We have before us a limitation statute, and we do not believe that there is any distinction to be made between the statement of a fact which might cause a claimant to delay filing a claim before the Industrial Accident Board and a statement to the effect that the claimant had no lawful claim which could be filed.

The thirty-ninth assignment of error complains that the court erred in rendering judgment for appellee because there was no competent evidence that the injuries sustained by appellee's husband, in December, 1933, were the producing cause of his death in June, 1934, and that the evidence does not justify the finding of the jury on such issue. We are frank to say that the evidence is very unsatisfactory. We are of the opinion that the case was not fully developed in so far as this issue was concerned.

We have read the entire statement of facts and are of opinion that the cause should be reversed and remanded. There is some evidence on this issue, but in the state of the record, as we find it, we are unable to allow the jury verdict to stand, and for the errors shown the judgment of the trial court is reversed and the cause is remanded.