## TEXAS EMPLOYERS' INS. ASS'N v. ALLEN.

### No. 5145.

Court of Civil Appeals of Texas. Amarillo.
April 8, 1940.

Rehearing Denied June 3, 1940.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellant.

James O. Cade, of Amarillo, for appellee.

JACKSON, Chief Justice.

This suit was instituted by the appellee, John R. Allen, in the District Court of Potter County, Texas, against the appellant, Texas Employers' Insurance Association, to set aside an adverse ruling by the Industrial Accident Board on his claim for compensation because of accidental injuries which he asserts he sustained on or about July 15, 1936 while in the employ of the Amarillo Coca-Cola Bottling Company, Inc., which carried insurance with appellant for the protection of its employees.

The appellee alleged that while in the course of his employment with the Coca-Cola Bottling Company and engaged, with the assistance of a helper, in loading an ice box used to cool beverages on a truck, his helper slipped, pushed the ice box against appellee and caught him between the box and a door jamb, knocked him down, jarred him, skinned his face and injured his head and neck; that after about a minute he got up and assisted in loading the ice box, continued his work for several days and was then sent to Drs. Vick & Cradit by the company. They gave him a couple of treatments, adjusted his neck and he returned to his work but suffered intermit-. tently with pains in his head and back but continued to work until about August 18, 1938 when on account of such injuries he became totally and permanently incapacitated.

He says he did not file his claim for compensation with the Industrial Accident Board within six months after the accident in July, 1936 and for good cause alleges he did not realize that his injury was of sufficient intensity to cause incapacity to perform his usual work and not until August 18, 1938 did his injury. compel him to quit work and, immediately upon learning of the seriousness of his injury and his incapacity to labor further, he filed his claim with the Industrial Accident Board and within six months after such discovery.

The appellant answered by general demurrer, general denial and specially pleaded under oath that appellee failed to file his claim for compensation with the Industrial Accident Board within the six month period prescribed by statute from and after the date of the alleged accident; that he failed to file any claim for compensation with the Industrial Accident Board within six months after the purported culmination of his alleged injury; that no good cause existed for the failure of appellee to file his claim within the statutory period of six months and no good cause for such failure continued to exist to the date that appellee filed his claim for compensation.

In response to special issues submitted the jury found, in effect, that the appellee sustained an injury to the lower part of his back in July, 1936 while in the employment of the Amarillo Coca-Cola Bottling Co., Inc.; that the plaintiff did not become totally incapacitated but became partially incapacitated on account of such injury; that his incapacity began August 19, 1938; that such partial incapacity is not permanent but will continue 200 weeks and the partial incapacity was to the extent of 50%; that his average wage should be fixed at $25 per week; that appellee is suffering from no diseases not traceable to the injury and such incapacity is not due solely to diseases; that appellee learned that the injuries would result in his incapacity on October 27, 1938 and that he believed until said date that such injury would not incapacitate him from work and that such belief prevented him from filing his claim for injury until December 10, 1938 and a reasonably prudent man situated as was appellee would on account of such belief have delayed the filing of his claim until said date.

On these findings judgment was rendered that appellee recover 50% of his compensation rate of $15 per week for 200 weeks beginning on August 19, 1938, or the sum of $7.50 per week beginning on said date. This judgment is before us for review.

The appellant challenges as error the action of the court in refusing to direct a verdict in its behalf because, (a) the testimony is insufficient to authorize the finding of the jury that good cause existed and continued to exist to December 10, 1938 for the failure to file the claim; (b) the testimony is insufficient to show that appellee suffered an injury to the lower part of his back in the accident in July, 1936.

The appellee testified in substance that while loading a crated ice cooler in July, 1936 on a truck for the Amarillo Coca-Cola Bottling Co., Inc., his helper slipped, pushed the cooler against him, and caught him between it and the door jamb, knocked him down, skinned his face and jarred him up but after a minute or two he got up and assisted in loading the cooler on the truck but had no pain in his back immediately but did have pain in the back of his

neck and head; that he made no report to his employer of any injury to his back and continued his work for a few days when he reported to the company about the back of his neck and head and was sent to Drs. Vick & Cradit who treated him a couple of times, adjusted his neck; he returned to work and continued until August 15, 1938; that he received no injury prior to or after July 1, 1936 to which he could attribute the pain and suffering in and injury to his back; that he had the flu in May, 1938 and the company advised him to consult Dr. Vineyard who, after an examination, informed him that he did not have tonsilitis and no tonsillectomy was necessary; that he later consulted Dr. Vick who treated him for a few days; he returned to work on May 16th and continued until he quit in August, 1938, at which time the injury to his back was such that he could not bend, stoop, raise up, lift anything or do manual labor; that while Dr. Vick was treating him he told the doctor of the accident in July, 1936 and was advised on May 6th that his back was injured; he grew worse the longer he worked and about the middle of August the company sent him to Dr. Swindell who told him he was suffering from tonsilitis, needed an operation and to go to the Security Benefit Association Hospital at Topeka, Kansas; that he quit his work, went to the hospital in Kansas, arriving August 23d, and had his tonsils removed; that while he did this on the advice of Dr. Swindell he did not believe his tonsils were causing his trouble but thought it was due to the injury he received in July, 1936. He stated in his testimony that while at the hospital he reported to Dr. Schoch, a member of the staff of the hospital physicians, and informed the doctor he was suffering with his back which began with an injury he received in 1936 while loading a large Coca-cola box into a truck; that such pains had not given him much trouble until January, 1937 but had gradually grown worse until August, 1938 when he was totally incapacitated to do manual labor. He testified he knew at the time he entered the hospital and during the time he was there and when he returned to Amarillo that he was physically unable to work on account of his back. He testified that in his claim to the Industrial Accident Board he advised the members that Dr. Vick had on May 6, 1938 discovered that his back was injured; that the reason he failed to file his claim with the Industrial Accident Board until December 10, 1938 was because

he didn't realize until he returned from the hospital that his injury was such that he would never be able to do his work and that his disability was due to the accident.

The helper assisting appellee at the time of the accident in 1936 gives substantially the same testimony as to how the accident occurred as did appellee, who, the witness said, complained of his back soon after the accident and also after a hard day's work. The wife of appellee said the first she learned of an injury to appellee's back was when Dr. Vick so advised him in 1938.

Dr. Vick testified that he was a graduate of the Kirksville School of Osteopathy; had done some postgraduate work; that he treated appellee in July, 1936 two or three times soon after the accident and also treated him in May, 1938, at which time the appellee complained of his back and told him of the injury he received in 1936, from which he concluded appellee had an injured back due to some traumatic accident; that his examination revealed that the lower segment of the spine, or the wedge shaped bones which fit into the pelvis, had slipped forward on the right side upon its articular surface allowing the ilium to slip slightly forward, the right side to drop downward and forward at the base of the spine, and such results are usually due to external violence. He says he told Mr. Allen that these bones had slipped and produced a dislocation, and he concluded the suffering might be due to such accident and so advised his patient; that after the appellee returned from the hospital at Topeka he re-examined him about the middle of October, which confirmed his opinion that his diagnosis in May that appellee's incapacity was due to the back injury sustained in 1936 was correct; that the flu and infection from tonsilitis would not produce the slipping of the bones or the dislocation thereof with which he found appellee suffering but would aggravate the pain, misery and incapacity caused thereby.

The appellee was advised by his physician in May, 1938 of the dislocation of the bones in the lower part of his back; he thought when he went to the hospital the pain in his back was due to the accident he had in 1936; he knew his back injury incapacitated him for work, knew this the twenty-eight days he stayed in the hospital, knew it when he returned to Amarillo about September 21 or 22, 1938, knew that removing his tonsils had not re-

lieved him but says he did not realize until he returned to Amarillo that his disability was due to the accident in 1936 and that he would never be able to do work anymore. The appellee was a man of at least average intelligence as evidenced by his testimony, the work he did and the wages he was paid. If his testimony is true he understood, at least, on August 23d and on September 21st or 22d that he was incapacitated because of his injury and that the injury was received in the accident in July, 1936. He was able to drive a car, attend to business requiring no manual labor but did nothing toward filing his claim with the Industrial Accident Board until December 10, 1938. On October 27th he wrote the Board and asked if an injury to him had been reported by the Amarillo Coca-Cola Bottling Company since July, 1936. The Board advised him by letter dated November 1st thereafter that no report of any accident to him had been made. On November 5th he forwarded the Board a letter in which he informs them he is stating facts and dates of the injuries until his lay-off August 18, 1938 and sought advice as to how he should proceed. The information contained in his letter is not disclosed but the Board furnished him blanks on which to make out his claim and this was done and the claim filed December 10, 1938.

Article 8307, Section 4a, of the Revised Civil Statutes provides in effect that a suit for compensation under the law shall not be maintained unless notice is given to the subscriber within thirty days and a claim for compensation for the injury shall have been made within six months after the occurrence thereof but specifically provides that "For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board." It is conceded by appellee that he failed to file his claim with the Industrial Accident Board within six months after the accident and as good cause for such failure alleges he did not realize that his injury was of sufficient intensity and effect to cause him to suffer incapacity. He testified that he delayed filing his claim until December 10, 1938 because he did not realize that his injuries would incapacitate him to do his work until he returned from the hospital, which was about September 22, 1938.

In General Accident Fire & Life Assur. Corporation, Limited v. Martin, Tex.Civ. App., 110 S.W.2d 258, 260, after stating that but two reasons were alleged to show good cause for not filing the claim within six months, one of which was that the claimant believed a compromise would be effected and the other that he didn't become fully aware of his physical condition until December 7, 1936 when examined by a physician, the court says: "It occurs to us that, as a matter of law, neither of the above reasons is sufficient in law to show good cause why the claim was not properly filed. It would seem that in every case the injured employee could allege that he had hopes of a compromise, or that he was not fully aware of his physical condition." (Citing many authorities.) To the same effect is the holding in Odom v. Indemnity Ins. Co. of North America, Tex.Civ. App., 111 S.W.2d 1143.

In Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053, 1054, Commissioner Hickman says:

"1. The period of six months provided in the statute for the filing of a claim with the Industrial Accident Board begins to run on the date of the injury and not on any subsequent date. Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W.2d 905; Texas Employers Insurance Association v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Williams v. Safety Casualty Co., Tex.Civ.App., 97 S.W.2d 729. The latter case was reversed on other grounds in 129 Tex. 184, 102 S.W.2d 178, but the holding by the Court of Civil Appeals on this question was expressly approved.

"2. When a claim is not filed within the statutory period of six months the good cause must continue to the date when same is actually filed. Williamson v. Texas Ind. Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Holloway v. Texas Ind. Ins. Co., Tex.Com. App., 40 S.W.2d 75."

An analysis of the testimony convinces us that a great preponderance of the evidence is against the finding by the jury that good cause existed and continued up until the date that appellee's claim was filed with the Industrial Accident Board.

In Bankers Life & Loan Ass'n v. Chase, Tex.Civ.App., 114 S.W.2d 374, 378, this court held:

"It is the duty of this court to set aside a judgment of the trial court when the evi-

dence so greatly preponderates against such judgment that a new trial should be granted in the interest of justice.

"In Logue v. Southern Kansas Ry. Co., 106 Tex. 445, 448, 167 S.W. 805, 806, the Supreme Court states the law as follows: 'The rule is that the Court of Civil Appeals may reverse a judgment on the weight of the testimony, but that court cannot render judgment if the evidence, when considered in the light most favorable to the party in whose favor the judgment is rendered, would sustain the judgment of the trial court.' "

Under this holding and the case of Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088, the finding of the jury on the continuance of good cause and some unsatisfactory statements of the appellee in conflict with most of his other testimony, we do not feel warranted in rendering the judgment.

The contention of appellant that the testimony is insufficient to sustain the finding of the jury that appellee was injured in the accident of 1936 and his incapacity was a result thereof is overruled.

The judgment is reversed and the cause remanded.