EMPLOYERS MUTUAL LIABILITY IN-
SURANCE COMPANY OF WIS-
CONSIN, Appellant,

v.

Rosa Tiodora GALLARDO, Appellee.

No. 3976.

Court of Civil Appeals of Texas.

Waco.

July 26, 1962.

Rehearing Denied Sept. 20, 1962.

Riley, Jones, Boyd, Westbrook & Love-
lace, Waco, for appellant.

Ben J. Johnson, Waco, Bradley & Geren,
Groesbeck, for appellee.

TIREY, Justice.

This is a compensation case. The verdict
was favorable to plaintiff and on the verdict,
the Court awarded to plaintiff the sum of
$10,771.39, such sum being the amount of
the award for 401 weeks' total and perma-
nent disability at a compensation rate of
$29.76 a week (the wage being stipulated),
after deducting the amount of $233.44 pre-
viously paid to the plaintiff and allowing in-
terest at the rate of 4% per annum on the
past due installments and after discounting
all future installments at the rate of 4% per
annum.

The judgment is assailed by 31 points.
Appellant has briefed together Points 1, 2,
3, 4, 15, 29 and 30. Appellant says that they
are briefed for the purpose of clarity and
to permit a presentation of appellee's work
activities before and after the accident of
October 19, 1959, because it bears upon the
question of evidence, sufficiency of evidence
and the issues related to total incapacity.

Point 1 is to the effect that the Court
erred in overruling appellant's exceptions
to Issues Nos. 1, 2, 3, 4, 5, 6, 7 and 8 of the
Court's Charge, wherein the Court submit-
ted to the jury the question of whether ap-
pellee suffered incapacity during the period
from January 7, 1960 to January 27, 1961.

Point 2 is to the effect that the Court
erred in entering judgment for total and
permanent disability dating from October
19, 1959 up to and including January 27,
1961, because the overwhelming weight of
the evidence shows that appellee was not
totally incapacitated during such period, and
that total incapacity during such period did

not exist; that the evidence is insufficient and there is no evidence of total incapacity during such period.

Points 3, 4 and 29 are to the same effect.

Point 15 complains of the failure of the Court to submit Appellant's Requested Issue No. 9 inquiring as to whether or not appellee's disability after January 7, 1960 was produced wholly by appellee's failure to use her right arm and shoulder, because there was evidence to support the submission of such issue.

Point 30 is the Court erred in failing to sustain its exception to Issue No. 3 of the Court's Main Charge inquiring as to whether total incapacity is permanent or temporary, and appellant says that the issue submitted improperly places the burden of proof, because appellee had the burden to prove that such was not temporary.

We have made a very careful study of the entire statement of facts and have carefully summarized the testimony pertinent to the injury sustained by the claimant and medical testimony tendered with reference thereto. This summary is long and we do not believe that under the decisions in Texas the factual situation has any precedential value, and that this comprehensive statement of the factual situation is of interest only to the attorneys for the litigants. On account of the foregoing view we have prepared a summary as an appendix to the opinion to be filed with the opinion but not to be published.

Going back to appellant's major complaint in this cause, it is that judgment for total and permanent disability dating from October 19, 1959 is erroneous because the overwhelming weight and preponderance of the evidence shows that appellee was not totally incapacitated during the period from January 7, 1960 up to and including January 27, 1961. We have set out in some detail the work record of the claimant in the appendix. Pertinent here, it shows that from January 7, 1959 up to and including October 19, 1959, total hours worked 1634, with 36 hours overtime; total earnings including the 36 hours overtime, $1719.73. From January 7, 1960 to October 19, 1960, claimant's work record is $1.00 per hour; overtime 60 hours; total hours 1580; total earnings, including overtime, $1606.00; days missed from work 6. Work record from December 14, 1959 to January 27, 1961 which is the total period that appellee worked after the accident is: total hours 2172; total earnings $2202.00; total overtime 60 hours. The effect of the medical testimony (summarized) in the appendix is: Dr. Corbett, who saw claimant in January of 1960, was of the opinion that disability was due to the blow that she received on the right breast, and that the effect of the blow was to section a part of the serratus muscle, and that was causing her pain and limitation of motion in her right arm and right shoulder, and that he would not pass her on a pre-employment physical for full labor.

Dr. McKenzie's testimony is to the effect that the claimant had fully recovered from the blow by January 7, 1960 and that she was able to go back to work; that the damage to the 7th rib had fully healed and that the claimant's testimony as to spitting up blood had no relation to the blow she sustained, and that she was employable.

Dr. Joe Woodward of Waco, an orthopedic surgeon, examined the claimant approximately 9 months after she received her injury and he went into great detail as to the effect of the blow claimant received in her right breast and, according to his findings the damage to the 7th rib had substantially healed and that he found no muscle spasm in the right arm or right shoulder attributable to the blow. He did testify to the effect that the limitation of the movement of the right arm was 110 degrees, at which point the patient said she felt pain, and that while she had what is termed a frozen shoulder, this condition was caused by the patient's failure to use the arm or exercise the arm and that he advised physiotherapy to correct this condition and that it was his belief that physiotherapy would re-

store the right arm and shoulder to its normal function. Dr. Woodward, on request, made an examination of the patient during the trial, which was in July, 1961, and found that the arm was swollen to some extent; that the limitation of movement of the arm was about 80 degrees when the patient complained of pain; whereas when he first examined the patient, the limitation was 110 degrees. But as heretofore stated, Dr. Woodward's view was that although the patient complained of pain and shoulder limitation of use of the arm, yet this condition was due to disuse and failure to exercise as he had instructed her to do at the time he made his examination in September, 1960; that claimant's condition was worse at the time of her examination at the trial than when he saw her previously. We believe the foregoing is a fair appraisal of the medical testimony regarding the claimant.

Needless to say, in view of the claimant's work record, this cause presents a situation that has given this court great concern.

In Hood v. Texas Ind. Ins. Co., 146 Tex. 522, 209 S.W.2d 345, our Supreme Court expressly held that opinion testimony does not establish any material fact as a matter of law. The opinion of our Supreme Court in this case shows the extent of the liberality the Supreme Court applied to our compensation law.

Our Supreme Court in Eubanks v. Texas Emp. Ins. Ass'n, 151 Tex. 67, 246 S.W.2d 467, reannounced and reapplied the doctrine to the effect that the issue as to injury of a claimant is one of fact for the jury's determination. See Points 1 and 2.

In Texas State Highway Dept. v. Kinsler, 230 S.W.2d 364 (w. r.), we find this statement:

"We think it too well settled to require discussion that the fact that an injured employee continued to work and make money after his injury is not a bar to recovery for total and permanent disability if the evidence supports a finding of a court or jury that he is in fact so disabled."

In Mabry v. Travelers Ins. Co., 193 F.2d 497, Fifth Circuit, we find this statement:

"Pinched by poverty, beset by adversity, driven by necessity, one may work to keep the wolf away from the door though not physically able to work; and, under the law in this case, the fact that the woman worked to earn her living did not prevent a jury from finding, from the evidence before it, that she was totally and permanently disabled even while working."

■ In so far as we are able to determine up to this date, the law is well settled in this State that a workman is not necessarily precluded from recovering workmen's compensation benefits for a period of time in which he is gainfully employed, by reason of working and earning wages following the date of his injuries. See Gulf Cas. Co. v. Jones, Tex.Civ.App., 290 S.W.2d 334, p. 339, n. r. e., Pts. 3, 4 and 5, and cases there cited; McGowen v. Pacific Employers Ins. Co., 5th Cir., 205 F.2d 533, Pts. 1 and 2; Choate v. American Motorist Ins. Co., Tex.Civ.App., 323 S.W.2d 188, no writ hist.; Muro v. Houston Fire & Cas. Ins. Co., 310 S.W.2d 420, n. r. e.; Associated Indemnity Corp. v. Potts, 5th Circuit, 164 F.2d 1002; Pennsylvania Threshermen & Farmers Mut. Cas. Co. v. Gloff, 5th Circuit, 238 F.2d 839; Great American Ind. Co. v. Segal, 5th Circuit, 229 F.2d 845; Traders & General Ins. Co. v. Heath, Tex.Civ.App., 197 S.W.2d 130; Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., 297 S.W.2d 706, n. r. e., Pts. 7 and 8; Bituminous Cas. Corp. v. Sanders, Tex.Civ.App., 351 S.W.2d 315 (n. w. h.); and Travelers Ins. Co. v. Seabolt, Sup.Ct., Texas Sup.Ct.Journal, Vol. 5, July 21, 1962, No. 40, p. 521.

■■ It is true that this record discloses that appellee had worked many days since her injury in 1959, putting in more hours of overtime in that one year than she did the year prior to her injury. The evidence

shows that claimant is a Latin, uneducated and has difficulty in speaking English. She testified to the effect that she worked, although she was not able to work, and could not have held a job but for the help that she received from other employees, because she was not able to use her right arm and could not bend over, as we have heretofore detailed. Appellant puts much stress on the undisputed fact that after claimant was released in 1961 she made application for unemployment insurance, and in the application stated she was able to work, and that she drew unemployment compensation until a short time before the trial of this cause. Appellant cites and relies on Texas Employers Ins. Ass'n v. Vineyard, Tex.Civ. App., 316 S.W.2d 156, no writ hist., and Texas Employers' Ins. Ass'n v. Moran, Tex. Civ.App., 261 S.W.2d 855, er. dis., and cases there cited. We do not believe the factual situation here before us brings this cause within the rule announced in the foregoing decisions. First of all, it is a part of the public policy of our state that the Workmen's Compensation Act shall be liberally construed. Our Supreme Court has consistently adhered to such views. See Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W.2d 73. Until the Supreme Court changes or modifies the rules announced by the decisions here cited, we do not feel that we are authorized to overturn the jury verdict, because there is medical testimony to the effect that the claimant was not employable (for full labor) by reason of the injury she had received; that she was working because she had to support herself and two children; that she was working while she was in pain and at times when she had fever; and that she had no choice because she had to support herself and two small children.

We realize that the application of the foregoing rule may seem harsh to the insurance carrier, since it relies on medical testimony of physicians who are outstanding in their field, plus the work record of the claimant; however, the jury had the right to pass upon this factual situation where evidence of probative value is tendered. We have carefully reviewed all the testimony shown by this record, and we cannot honestly say that the verdict of the jury is so against the great weight and preponderance of the evidence as to be manifestly unjust under the doctrine announced in In re King's Estate, 150 Tex. 662, 244 S. W.2d 660. See also "No Evidence" and "Insufficient Evidence", by Justice Calvert, (Reprint from April, 1960, 30 Tex.L.Rev. 803).

We have given careful consideration to appellant's pleadings, its exceptions to the charge and the special issues it requested, and we are of the view that the Court's charge correctly submitted the issues tendered by the pleadings and the evidence, and that the assigned errors of appellants with reference thereto are not well founded, and each is overruled. We have likewise examined carefully each error assigned, and each is overruled.

The judgment of the Trial Court is affirmed.