**The TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Willie A. SKERIK, Appellee.**

**No. 4317.**

Court of Civil Appeals of Texas.

Waco.

April 29, 1965.

Rehearing Denied May 27, 1965.

Naman, Howell, Smith & Chase, Louis Muldrow, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff for total and permanent incapacity, in a workmen's compensation case.

Plaintiff Skerik alleged that he sustained accidental injury to his back on March 23, 1960 while in the course of his employment, which rendered him totally and permanently incapacitated.

Defendant admitted plaintiff's injury, but denied that plaintiff was totally and permanently disabled. Defendant alleged that it had paid plaintiff compensation for 72 weeks which it claimed credit for, in event of recovery by plaintiff.

Trial was to a jury which answered special issues submitted by the Trial Court, pertinent of which follow:

"1) Do you find from a preponderance of the evidence, if any, that the injury

to Willie Skerik's body on March 23, 1960 resulted in any total incapacity to him for any length of time? Answer: *Yes.*

(If you have answered Issue 1 'Yes', and in that event only, you will answer Issues 2 and 3.)

"2) From a preponderance of the evidence, if any, on what date if any, do you find such total incapacity for work, if any, began? Answer: *March 23, 1960.*

"3) Do you find from a preponderance of the evidence, if any, that the total incapacity of Willie Skerik, if any, was 'permanent,' or 'temporary'? Answer: *Permanent.*

('If you have answered Issue 3 'Temporary' and in that event only, you will answer Issue 4.)

"4) How many weeks, if any, do you find from a preponderance of the evidence, if any, such total incapacity, if any, has continued or will continue? Answer: *(unanswered).*

"5) Do you find from a preponderance of the evidence, if any, that the injury, if any, to Willie Skerik's body, resulted in any partial incapacity to Willie Skerik for any length of time? Answer: *We do not.*

"10) What do you find from a preponderance of the evidence to be the average daily wage earned by Willie Skerik in such employment, if any, during the days he actually worked in the year immediately preceding the injury, if any? Answer: *$23.50 per day.*

The Trial Court entered judgment for total and permanent disability on the verdict after crediting defendant with the amount of compensation paid plaintiff.

Defendant appeals on 26 points, contending:

1) The Trial Court erred in overruling its objections to Issues 2 and 3.

2) There is no evidence, or insufficient evidence, to support the jury's answer to Issues 2, 3, 5 and 10.

We revert to defendant's 1st contention. The evidence reflected that plaintiff was injured on March 23, 1960; that he was incapacitated; that he submitted to herniated disc operation on May 10, 1960, and returned to work on October 3, 1960; that thereafter plaintiff had a second operation on his back in September, 1962; that he returned to work after the second operation on July 31, 1963 and worked until March 13, 1964, when he was laid off.

Defendant objected to Issue 2, asserting that under the evidence the jury could believe there were separate and distinct periods of total incapacity, beginning on different dates and interrupted by temporary periods of no incapacity or partial incapacity. Defendant asserted that Issue 2 restricted the jury by not allowing them to find more than one beginning date of total incapacity.

Defendant objected to Issue 3 because it inquired if the total incapacity, if any, was "permanent", or "temporary", and defendant asserts that under the facts of this case one or the other does not necessarily exist.

■ We think the Trial Court properly overruled defendant's objections to Issue 2. Plaintiff alleged he sustained total incapacity beginning on March 23, 1960, and that same was permanent. Plaintiff's evidence, if believed by the jury, sustained plaintiff's theory. The Trial Court submitted plaintiff's case and theory in conventional form. If defendant had a defensive theory that there were several separate periods of total incapacity followed by periods

of no incapacity or partial incapacity, and wanted same submitted to the jury, it was incumbent on it to submit and request, in writing, substantially correct issues thereon. Rule 279, Texas Rules of Civil Procedure. This, defendant failed to do. Under the record, objection to the charge is insufficient to raise the question. Texas Employers Ins. Ass'n v. Tanner, CCA (n. r. e.) 218 S.W.2d 277; Williamson v. Texas Indem. Ins. Co., 127 Tex. 71, 90 S.W.2d 1088.

 Defendant's objection to Issue 3 is expressly overruled by virtue of Rule 277 T.R.C.P. Moreover, we think under the record of the instant case plaintiff's total incapacity was either "temporary" or "permanent".

Defendant contends there is no evidence, or insufficient evidence, to sustain the finding of the jury to Issues 2, 3, 5 and 10.

The record reflects that plaintiff has worn a steel brace at all times since his injury on March 23, 1960. He had 2 operations on his back, and returned to work following each operation. The work he performed after each operation was less strenuous work than he had previously performed. After the second operation he was finally assigned to operate the elevator. He was in constant pain, and unable to sleep at nights. He had to work to support his family. The defendant's doctor testified plaintiff was suffering from pain during the period he tried to work and that he prescribed drugs for such pain. After plaintiff returned to work after the second operation, the defendant's doctor limited and restricted his work activities so that "work activities which involved stooping, bending, twisting or lifting in excess of 25 pounds could not be carried out."

We think the evidence ample to support the findings. Employers Mut. Liability Ins. Co. v. Gallardo, CCA (n. r. e.), 359 S.W.2d 933; Consolidated Cas. Ins. Co. v. Baker, CCA (n. r. e.), 297 S.W.2d 706. In

re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

All of defendant's points and contentions are overruled.

Affirmed.