## MARYLAND CASUALTY CO. v. ABBOTT.

### No. 3521.

Court of Civil Appeals of Texas.
Beaumont.

July 20, 1939.

Rehearing Denied July 26, 1939.

Smith, Smith & Boyd and Chilton O'Brien, all of Beaumont, for appellant.

Howth, Adams & Hart and Mike Daughtry, all of Beaumont, for appellee.

O'QUINN, Justice.

This is a compensation case. The Texas Company was the employer, W. B. Abbott the employee, and Maryland Casualty Company the compensation insurance carrier. On August 31, 1937, while engaged in the course of his employment as an employee of Texas Company, appellee received an injury for which he claimed compensation. He duly filed his claim before the Industrial Accident Board. February 23, 1938, the Board made its final ruling and award, and appellee duly gave notice that he would not abide said award, and duly filed this suit in the district court of Jefferson County, Texas, to set aside said award and to recover compensation as for total and permanent disability.

Appellant, Maryland Casualty Company, answered by general demurrer, numerous special exceptions, general denial, and specially denied that appellee received any injury on August 31, 1937, as alleged by him, and specially denied that if appellee was suffering any disability that such disability resulted from an accidental injury received by him in the course of his employment as alleged.

The case was tried to a jury upon special issues, upon their answers to which judgment was rendered in favor of appellee for compensation at the rate of $18.90 per week for 401 weeks beginning November 19, 1937, payable in lump sum with six per cent discount. Motion for a new trial was overruled, hence this appeal.

We shall discuss but few of the many propositions advanced by appellant for a reversal of the judgment.

The jury found in answer to special issue No. 9, that appellee became totally incapacitated to work on November 19, 1937. That is the day that he was "laid off" by the Texas Company—ceased to work for that company on that day. Appellant assigns error against that finding as without support in the evidence. We sustain this assignment. The undisputed evidence showed—in fact appellee himself testified—that he worked for the Atlantic Refinery in November and December, 1937, and January and February, 1938. He says that he did not work regularly, but that each month the refinery had what he called "a shut down" at which times it would put on extra men, and through a friend he got on and worked during these shut down periods. He said that he thought February 16, 1938, was last day he worked. Mr. Wrigley, a foreman at the Atlantic, and Mr. Head another foreman at the Atlantic, and Mr. Thornton, another foreman at the Atlantic, testified that appellee worked under them several days doing pipe fitting and pipe work, which was heavy work, and that he did his work well, apparently without any difficulty, so much so that when he went from under Thornton he was raised from the position of "helper" to that of "pipe-fitter." Dr. Willoughby, physician for the Atlantic, testified that he examined appellee several times and found nothing wrong with him. This was during the time appellee was working for and being shifted to different work for and at the Atlantic. The record does not support the finding that appellee became totally disabled on November 19, 1937.

We also sustain the assignment complaining that it was error for the court to render judgment in appellee's favor for a lump sum for a period of 401 weeks beginning on November 19, 1937. Under the law as announced by the Supreme Court in Texas Employers' Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Jones v. Texas Employers' Ins. Ass'n, 128 Tex. 437, 99 S.W.2d 903; Texas Employers' Ins. Ass'n v. White, Tex.Com.App., 99 S.W. 2d 904; Indemnity Ins. Co. of North America v. Williams, 129 Tex. 51, 99 S.W. 2d 905; compensation, when allowed, should be computed to begin with the date of the accident (not the date total disability began) and should not extend for a period of more than 401 weeks regardless of when the incapacity began. In oral presentation of the case counsel for appellee suggested that if the court concluded that the assignment should be sustained, it would be permissible for the court to reform the judgment in that particular and omit the time from August 31, 1937, to November 19, 1937, from the compensation period, and as reformed affirm the judgment, but since we have sustained the assignment that the record does not support the jury's finding that the total disability began on November 19, 1937, if the reformation as to this part of the judgment would be permissible, under the circumstances, the time of the beginning of total disability not being definitely ascertained, we could not reform that feature of the judgment.

Assignments Nos. 7 and 8 urge that the court erred in refusing to submit the following special issue presented and requested by appellant: "Do you find from a preponderance of the evidence that plaintiff's incapacity to work, if any, is the sole result of a disease or condition disconnected with any accidental personal injury claimed by plaintiff?"

We sustain the assignments. In addition to its general denial, appellant by special answer denied that appellee received any accidental injury at the time and in the manner plead by him. The evidence of several witnesses raised this issue. Appellant was entitled to an affirmative submission of the issue, as requested by it. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26. We do not think that other issues submitted removed the reason for the direct submission of the issue requested.

We overrule appellant's assignments that special issue No. 1 was not proper under appellee's pleading. Likewise the assignments that it was not confined to the injury pleaded.

By various assignments, appellant complains the court erred in refusing to give special requested issues relating to partial incapacity and temporary incapacity. These are overruled. The court's main charge contained issues covering these questions.

We have considered the other assignments not discussed and do not believe any of them show error, and so they are all overruled.

The assignments urging reversible error because of improper argument will not be discussed as they should not again arise on another trial.

For the errors discussed, the judgment is reversed and the cause remanded for another trial.