# UNITED EMPLOYERS CASUALTY CO. v. ODEN.

## No. 2282.

Court of Civil Appeals of Texas. Waco.

March 20, 1941.

Rehearing Denied April 24, 1941.

Will R. Saunders, Claude Williams, and Henry D. Akin, all of Dallas, for plaintiff in error.

Reed & Cannon, of Groesbeck, and Johnson & Oliphant, of Dallas, for defendant in error.

HALE, Justice.

This is a workman's compensation case. Appellant was the insurer and appellee was the employee. The jury found on special issues, numbered as indicated in parentheses, substantially as follows: (1) That on December 31, 1938, appellee sustained accidental personal injuries to his second lumbar vertebra and (1a) to his kidneys, (2) which injury or injuries, or one of them, naturally resulted in total incapacity, (3) which was permanent, (4) and not temporary, (6) and not partial; (11) that $20 per week is the amount that would be just and fair to both parties to be fixed as the average weekly wage of appellee; (12) that manifest hardship and injustice will otherwise result unless a lump sum award is made; and (13) that any incapacity which appellee has or will have is not caused solely by disease or diseases, or (14) by the condition of his kidneys, entirely disconnected with any accidental personal injuries. On these findings, the court rendered judgment in a lump sum for total permanent incapacity and the insurer has appealed.

By its first assignment appellant duly presents that the trial court committed reversible error in overruling its objection to the following argument of counsel for appellee to the jury, to-wit: "Talk about this man being able to work—don't you know if that man had been lifting, if he had been stooping or had done any manual labor, he would have been seen by someone—don't you know they would have had the neighbors here; if that man had been doing manual labor for the last four weeks, why didn't they have somebody here to prove that. If they believed that he had been doing manual labor at Bates' store, why didn't they bring Bates down here to prove it."

The bill of exception shows that counsel for appellant seasonably objected to the above argument at the time the same was made "for the reason that it constitutes a castigation upon the defendant for failure to produce a witness not shown to be within the jurisdiction of this court, and is outside the scope and realm of the testimony and amounts to an insinuation that there were neighbors who knew something about this case and asks why we didn't bring them here to testify; we ask the court to request the jury not to consider that." The bill reflects that the objection was overruled and the request refused, to which the appellant reserved its exception, and thereupon counsel for appellee, continuing his argument to the jury, stated: "Don't you know they would have, have Clifford Bates —he was right in the store—don't you know they would have had him here to prove it?"

There was evidence in the case tending to show that any incapacity which appellee might have sustained was due solely to a diseased arthritic condition of his lumbar vertebrae; that he passed a kidney stone about one week after the date of his alleged injury; that he passed another stone about four to six weeks later and that X-ray pictures disclosed there were three more stones in his kidneys which had not passed. Appellee was the only witness who testified to the occurrence of the accident complained of. He stated that a Mr. and Mrs. Tull were present at the time when the accident happened, but they both testified to facts indicating that no such incident occurred. Appellee further testified that about five or six weeks before the trial of the case he began doing light work in a grocery store; that he worked about four weeks beginning the middle of April for a Mr. Cooper in the Grey & White store in Mexia wrapping up meat and weighing it and waiting on the trade in the meat department; that he began working for a Mr. Bates about the middle of May and continued to do light work for him in a grocery store up to the time of the trial of the case on June 1, 1939, but that he did not do any manual labor. Without further statement as to the evidence, it must suffice to say that the issues relating to the cause of appellee's incapacity, as well as the extent and duration of the same, were highly controversial. Neither Mr. Bates nor Mr. Cooper nor any of the neighbors of appellee (unless Mr. and Mrs. Tull be regarded as such) testified in the case, nor was there any evidence admitted during the trial as to who appellee's neighbors were or as to what they might have known about the issues in controversy.

■ The effect of the argument complained of was clearly to invoke the supposed testimony of Clifford Bates and the neighbors of appellee in corroboration of his testimony tending to show that he was totally and permanently incapacitated. This argument was improper; and we feel bound to reverse the judgment appealed from because of the error of the court in overruling the timely objections presented to such argument and in refusing the sea-' sonable request of appellant to instruct the jury not to consider the same. We base our decision upon the prior holding of this court in the case of Service Mutual Ins. Co. v. Blain, 135 S.W.2d 745 and cases there cited. See also: Safeway Stores, Inc., of Texas v. Brigance, Tex.Civ.App., 118 S.W. 2d 812; Indemnity Ins. Co. of North America v. Harris, Tex.Civ.App., 53 S.W. 2d 631; Morgan v. Maunders, Tex.Civ. App., 37 S.W.2d 791; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946; Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556.

The other improper argument complained of will not likely occur upon another trial and therefore we will not discuss the same. However, in view of further proceedings to be had in the trial court, we will discuss briefly some of the additional assignments.

■ Special issue No. 5 required the jury to find how many weeks of total incapacity, if any, appellee "sustained or will sustain by reason of the injury suffered," only if the jury should find in response to special issue No. 4 that such incapacity was temporary. Appellant objected to the issue as submitted (1) because the preliminary instruction of the court to the jury not to answer such issue under the conditions above set forth "advises the jury of the legal effect of their answers upon special issues Nos. 4 and 5," and (2) because such issue is multifarious and duplicitous and is leading and suggestive and "indicates to the jury that the court is of the opinion that total incapacity not only existed in the past but is existing at this time and will continue to exist for some period of time in the future."

We are of the opinion that it was proper for the court to make special issue No. 5 corollary to and dependent upon the answer of the jury to special issue No. 4, as was done, and consequently the first objection urged is without merit. Furthermore, since under the instruction of the court the jury was not required to answer and did not answer special issue No. 5, we can not say that injury resulted from the manner in which such issue was framed. However, if the jury had found on special issue No. 5, the second objection urged would have required a reversal of any judgment based thereon because the issue, under the evidence in this case, was duplicitous. Traders & General Ins. Co. v. Shelton, Tex.Civ. App., 130 S.W.2d 903 and cases there cited. The possibility of such error should be avoided upon another trial by submitting only one ultimate controlling fact in each issue.

Special issue No. 2 was submitted as an independent issue and was as follows: "Do you find from a preponderance of the evidence that such injury or injuries, if any you have found in answer to special issue No. 1, and 1a, or either of them, naturally resulted in total incapacity of Paul Oden? Answer 'Yes' or 'No'." Appellant seasonably objected to the submission of such issue upon the grounds that the same was leading and suggestive, and on the weight of the evidence, and improperly tied the injury to the lumbar vertebra together with the injury to the kidneys, thereby placing undue emphasis upon the contention of appellee that the two alleged injuries exist together, and because "regardless of the answer the jury might give to the issue, it would be impossible to determine whether the jury had in mind the injuries mentioned in special issue No. 1 or special issue No. 1a, that is, it will be impossible to determine whether or not the jury intended to find that the total incapacity was the result of the back injury or of the kidney injury," and because such issue was "multifarious and duplicitous and makes reference to and requires the jury to answer a compound question with a single affirmative or negative answer, thereby violating the rule prohibiting the submission of more than one fact issue in one special issue."

■ Since the court made an answer to special issue No. 5 corollary to a finding of temporary incapacity in response to special issue No. 4, and since the court made answers to special issues Nos. 7, 8, 9, 10 and 11 as to the duration and percentage of partial incapacity, dependent upon and corollary to a finding of no partial incapacity in response to special issue No. 6, we believe the action of the court in submitting special issue No. 2 as an independent issue, not corollary to or dependent up-

on any answer which the jury might make to either special issue No. 1 or 1a, and his instruction in connection with the issue as submitted, was prejudicially erroneous to the rights of appellant for the reasons set forth in its objections thereto.

■ When the case is tried again, the court should, by one or more appropriate issues, require the jury to find whether appellee sustained such accidental personal injury or injuries, if any, as may be properly raised by the pleadings and evidence; and if the jury should find by one or more appropriate issues that appellee sustained such injury or injuries, then in that event only, the jury should be required to find in a corresponding and corollary issue or in corresponding and corollary separate issues as to whether the found injury, or injuries, naturally resulted in (or was the producing cause of) the incapacity complained of. Article 2189, Vernon's Ann. Civil Statutes; San Antonio Amusement Co. v. Easterling, Tex.Civ.App., 71 S.W.2d 350, and cases there cited.

■ Error is assigned to the action of the court in rendering judgment on the finding of the jury to special issue No. 11 as to the fair and just average weekly wage of appellee, without any findings of the jury negativing the existence of the conditions set forth in sub-sections 1 and 2 of section 1 of Article 8309, Vernon's Ann. Civil Statutes. It is well settled that the burden is upon the claimant in a compensation case to show by competent evidence that it is impracticable to compute the average weekly wage under either sub-sections 1 or 2 before subsection 3 can be resorted to. American Employers' Ins. Co. v. Singleton, Tex.Com.App., 24 S.W.2d 26. Appellee concedes the correctness of this rule, but asserts that he discharged the burden resting upon him by his own testimony which was not disputed but was corroborated at least in part by a disinterested witness. We have carefully examined the statement of facts on this phase of the case and if the evidence should be the same upon another trial, we believe the court should submit the issues thus raised to the jury for their determination.

■■ Error is also assigned on rendering judgment for 401 weeks total incapacity without any finding by the jury as to when such incapacity arose. The compensation period begins on the date when incapacity arises and ends in all events at the expiration of 401 weeks after the date

when the accidental injuries are sustained. Texas Employers Ins. Ass'n v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Traders & General Ins. Co. v. Watson, Tex.Civ.App., 131 S.W.2d 1103; Maryland Cas. Co. v. Abbott, Tex.Civ.App., 131 S.W.2d 171. If the evidence on the next trial raises an issue of fact as to when the total incapacity complained of arose, then, upon proper request, such issue should be submitted to the jury for their finding.

Because of the errors discussed, the judgment of the trial court is reversed and the cause is remanded for another trial.