

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 17, 1962

*overruled by WW-1429 and Withdrawn*

Honorable J. Overby Smith
Chairman, Industrial Accident
   Board
Walton Building
Austin, Texas

Opinion No. WW-1389

Re: Under Section 6 of Article
8306 of Vernon's Civil
Statutes, should the first
day which an injured em-
ployee is unable to per-
form his regular task for
any part of such day be
counted as the first day
of incapacity for purposes

Dear Mr. Smith:
of this section?

     You have requested the opinion of this office con-
cerning Section 6 of Article 8306 of Vernon's Civil Statutes
as it applies to determine when an incapacitated employee be-
comes entitled to workmen's compensation benefits.

     Section 6 of Article 8306 of Vernon's Civil Statutes
provides:

     "No compensation shall be paid under
this law for an injury which does not in-
capacitate the employee for a period of at
least one week from earning full wages, but
if incapacity extends beyond one week com-
pensation shall begin to accrue on the eighth
day after the injury. The medical aid, hos-
pital services, chiropractic services, and
medicines, as provided for in Section 7 here-
of, shall be supplied as and when needed and
according to the terms and provisions of said
Section 7. If incapacity does not follow at
once after the infliction of the injury or
within eight days thereof but does result sub-
sequently, compensation shall begin to accrue
with the eighth day after the date incapacity
commenced. In any event the employee shall
be entitled to the medical aid, hospital ser-
vice, chiropractic service, and medicines
provided in this law. Provided further that
if such incapacity continues for four (4)
weeks or longer, compensation shall be com-

puted from the inception date of such incapacity."

The question you have submitted is as follows:

"Should the first day regardless of time of day in which the injured employee is unable to perform his regular task for any part of the day, be considered and counted as the first day of incapacity?"

The answer to your question depends upon the meaning to be given to the terms "eighth day after the injury" and "eighth day after the date incapacity commenced" as used in Section 6 of Article 8306. Although the specific question you ask has not heretofore been passed upon by our appellate courts, nonetheless, a consideration of cases in which the computation of the compensation allowed by Section 6 of Article 8306 has been either approved as made by the trial court or reformed by the appellate court indicate that your question must be answered in the affirmative.

First, in the case of United Employers Casualty Co. v. Oden, 150 S.W.2d 114 (Civ.App. 1941, Error Dism., Judgm. Cor.) at page 117 we find stated:

". . .The compensation period begins on the date when incapacity arises and ends in all events at the expiration of 401 weeks after the date when the accidental injuries are sustained. Texas Employers Ins. Ass'n. v. Guidry, 128 Tex. 433, 99 S.W.2d 900; Traders & General Ins. Co. v. Watson, Tex. Civ.App., 131 S.W.2d 1103; Maryland Cas. Co. v. Abbott, Tex.Civ.App., 131 S.W.2d 171. . . ." (Emphasis ours)

In ICT Insurance Company v. Gunn, 294 S.W.2d 435 (Civ.App. 1956) the following statements of the Court bear upon the question at hand, at page 444:

"Appellant's fourth point is substantially that the court erred in entering judgment for workmen's compensation benefits for the full period of 401 weeks after June 15, 1955, when the jury found that the injury occurred on June 29, 1954, for the reason that, as a matter of law, compensation benefits for total disability can be recovered only for a period

of 401 weeks after date of injury rather
than after date disability commenced.

"  . . .

"It is without dispute that appellee was
injured on June 29, 1954, and that his total
disability began on June 15, 1955, all of
which is found in the findings of the jury.
. . ."

Continuing at page 445:

". . .it being without dispute that 50
weeks lapsed from the date of injury to the
date of appellee's total permanent disability,
that the judgment entered by the trial court
must be credited with 50 weeks at $25 per
week, or a total credit of $1,250, and the
judgment entered by the trial court is re-
formed.  . . ."

Since, as held in the Oden Case, supra, the 401
week period began to run on the 29th day of June, 1954, and
crediting 50 weeks from this date carries through the 14th
day of June, 1955, thus allowing the claimant compensation
from the first day of his incapacity without regard to the
time of day.

We consider to be directly in point Royal Indemnity
Co. v. Jones, 201 S.W.2d 129 (Tex.Civ.App. 1947, error ref.
n.r.e.) wherein the claimant was injured on July 18, 1945, and
became incapacitated on November 30, 1945.  The court awarded
compensation from December 7, 1945, thus holding that December
7, 1945, was the eighth day after the claimants incapacity com-
menced, which of necessity counted November 30, 1945, as the
first day of incapacity without regard to the time of day that
the incapacity commenced.

In view of the foregoing holdings your question is
hereby answered in the affirmative and you are advised that
the first day, regardless of the time of day, wherein an in-
jured employee is unable to perform his regular task is to
be considered the first day of incapacity.

Honorable J. Overby Smith, page 4 (WW-1389)

## S U M M A R Y

Under the provisions of Section 6 of
Article 8306 of Vernon's Civil Statutes,
the first day, regardless of time of day,
wherein an injured employee is unable to
perform his regular task shall be con-
sidered and counted as the first day
of incapacity.

Very truly yours,

WILL WILSON
Attorney General of Texas

By:W. O. Shultz
Assistant

WOS:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Joe Osborn
Marietta Payne

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore